David M. Poore, SBN 192541
KAHN BROWN & POORE LLP
755 Baywood Drive, Suite 185
Petaluma, California 94954
Telephone:    (707) 763-7100
Facsimile:    (707) 763-7180
dpoore@kahnbrownlaw.com

Attorneys for Plaintiff
KARL FINLEY

E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

KARL FINLEY,

    Plaintiff,

v.

COUNTY OF MARIN; MARSHA GRANT; DIANE STOKER; and DOES 1 through 50, inclusive,

    Defendants.

Case No. 07 5922

**COMPLAINT FOR DAMAGES**

VIOLATIONS OF GOVERNMENT CODE SECTION 12940, *ET. SEQ.*; VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. §§ 2000e, *ET SEQ.*; FAILURE TO PREVENT AND INVESTIGATE HARASSMENT; VIOLATION OF 42 U.S.C. §§ 1981, 1983, 1985, *ET SEQ.*; VIOLATIONS OF THE CALIFORNIA CONSTITUTION

**JURY TRIAL DEMANDED**

Plaintiff complains and alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff KARL FINLEY is, and at all relevant times hereto, has been a resident of the State of California. Plaintiff FINLEY is, and at all relevant times hereto, has been an employee of defendants within the meaning of California Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

2. Defendant COUNTY OF MARIN, including its departments, units, and/or political subdivisions, is and at all relevant times hereto, was an employer operating as public entity within the State of California, County of Marin, who regularly employed more than 15 persons.

-1-
COMPLAINT FOR DAMAGES
FINLEY V. COUNTY OF MARIN, ET. AL.    CASE NO.

3. Defendant COUNTY OF MARIN is a county municipality located within the State of California and doing business as a government entity under color of state authority and law.

4. Defendant MARSHA GRANT is an individual whose residence is located in the State of California. Defendant GRANT is an employee of the COUNTY OF MARIN. For purposes of the cause of action under the Civil Rights Act, defendant GRANT is being sued in her individual capacity acting under color of law.

5. Defendant GRANT is a supervisor and/or management employee for purposes of FEHA and/or Title VII. Defendant GRANT was the Nurse Manager for Detention Services, and was promoted to plaintiff's supervisor in or about July 2006. Defendant GRANT was a relevant decision-maker for purposes of the adverse employment actions referenced below.

6. Defendant DIANE STOKER is an individual whose residence is located in the State of California. Defendant STOKER is an employee of the COUNTY OF MARIN. For purposes of the cause of action under the Civil Rights Act, defendant STOKER is being sued in her individual capacity acting under color of law.

7. Defendant STOKER is a supervisor and/or management employee for purposes of FEHA and/or Title VII. At all relevant times, defendant STOKER was the Clinical Services Administrator, and was plaintiff's supervisor. Defendant STOKER was a relevant decision-maker for purposes of the adverse employment actions referenced below.

8. This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. Section 2000e-5 and 28 U.S.C. Section 1331.

9. This Court has venue over this action pursuant to 42 U.S.C. Section 2000e-5 in that defendant COUNTY OF MARIN employed plaintiff within the territorial boundaries of this judicial district.

10. This Court has jurisdiction over defendant COUNTY OF MARIN in that it is a government agency that, at all relevant times herein, employed plaintiff and operated under color of state authority within this judicial district.

-2-
COMPLAINT FOR DAMAGES
FINLEY V. COUNTY OF MARIN, ET. AL.                                                       CASE NO. _____

11.   This Court has jurisdiction over plaintiff's California state law causes of action in that the state claims are derived from the same common nucleus of operative facts as the federal causes of action.

12.   Plaintiff has exhausted all administrative remedies with the Department of Fair Employment and Housing and/or the U.S. Equal Employment Opportunity Commission. Plaintiff FINLEY filed a timely administrative charge with the EEOC and DFEH, and has filed this action within 90 days of service of the right-to-sue letters.

13.   Plaintiff is informed and believe, and thereby allege that each of the defendants herein were at all times relevant hereto, the agents, representatives, servants and employees of the remaining defendants, and were acting at least in part within the course and scope of such relationship, and that the wrongful acts alleged herein were committed by such defendants, and each of them. Furthermore, plaintiff is informed and believes that defendants were, at all relevant times, one integrated enterprise and/or employer for purposes of FEHA and Title VII.

14.   Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1 through 50, and therefore sues these defendants by fictitious names. Plaintiff will amend his complaint to state the true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences and damages alleged herein, and that plaintiff's damages as hereinafter set forth were proximately caused by said defendants.

## FACTUAL BACKGROUND

15.   At all relevant times herein, plaintiff FINLEY was an African-American male employee whose skin color is black, and, as such, was a member of a protected category for purposes of FEHA and Title VII.

16.   On or about August 1997, defendants hired plaintiff FINLEY as a Detention Registered Nurse ("RN") in the Health and Human Services Department. At the time that plaintiff FINLEY began his employment with Marin County, he was qualified to assume that position. During the period of time that he was employed as a Detention RN, plaintiff FINLEY performed

his job duties in an outstanding fashion. He was provided with consistent praise regarding his skills and abilities and received regular merit increases. As a result of his superior performance, in 1999, plaintiff FINLEY was promoted to Supervising Detention Nurse and was provided with supervisory responsibilities in connection with this new position.

17. In approximately 2001, a position opened up for Chief Nurse. During the period of time that this position opened, plaintiff was qualified to assume the position. Plaintiff applied for this position and was not selected.

18. In June 2006, the position of Chief Nurse re-opened, however was re-titled as "Nurse Manager." During the period of time that this position opened, plaintiff was qualified to assume the position. In fact, plaintiff was more qualified than any other applicant for this position, and was advised by the Chief Medical Doctor of the facility that "if they don't give this to you, there is a problem." Plaintiff applied for this position and was not selected. Instead, defendant County of Marin selected defendant GRANT, a less-qualified Caucasian employee that did not even meet the minimum qualifications.

19. Once defendant GRANT became plaintiff's supervisor, she targeted plaintiff's employment in an attempt to create a record for disciplinary action.

20. In approximately July 2006, plaintiff filed an internal complaint with the County's Equal Employment Opportunity/Affirmative-Action office and Human Resources alleging discrimination and unequal treatment in the workplace, including the failure to promote plaintiff to the Nurse Manager position. Plaintiff further advised defendants that the County of Marin has a pattern and practice of discriminating against African-American employees.

21. Once the complaint was filed, defendants failed to take reasonable measures to investigate the complaint, and further failed to take any reasonable measures to prevent the discrimination from continuing.

22. Moreover, during this period of time and continuing up until the date that plaintiff filed this legal action, defendant County of Marin has engaged and continue to engage in a pattern and practice of discrimination, retaliation, and harassment against plaintiff and other similarly

-4-
COMPLAINT FOR DAMAGES
FINLEY V. COUNTY OF MARIN, ET. AL.                                      CASE NO. _____

situated African-American employees based upon their race. The acts of discrimination, retaliation, and harassment were consistent and pervasive. The discrimination and harassment targeted black employees, including plaintiff's, promotional opportunities within the County with the ultimate goal of preventing African-American employees from obtaining high level supervisory positions, and further created a hostile work environment. The conduct included but was not limited to (1) inappropriate and unwelcome racial comments, remarks, and slurs, (2) harassing and retaliating behavior directed against African-Americans for making complaints of unlawful discrimination in the workplace, (3) targeting plaintiff and other similarly situated African-American employees with adverse employment actions based upon race, (5) treating plaintiff and other African-American employees differently than similarly situated employees based upon race, (6) creating a workplace that is permeated in an unwelcome and hostile work environment towards African-Americans, (7) failing to promote African-American employees into management level positions, and (8) enacting policies that have a disparate impact and treatment towards African-American employees, including plaintiff.

23. Once plaintiff filed the internal complaint of discrimination, defendants retaliated against plaintiff. Defendants took adverse employment actions against plaintiff as a direct result of his complaints, including but not limited to transferring plaintiff, reducing his work responsibilities, and creating a hostile environment.

24. Moreover, defendant County of Marin has a custom, policy, pattern, and practice of retaliating against African-American employees that challenge defendant's employment practices, and file internal complaints of discrimination or unequal treatment. Such conduct and practice included but was not limited to: (1) acting with hostility towards black employees that file internal complaints of discrimination; (2) not providing necessary resources to African-American employees when they request assistance or investigation; (3) ignoring and isolating African-American employees in the workplace that have made complaints of discrimination; (4) engaging in harassing and retaliating behavior directed against plaintiff FINLEY and other African-American employees for making complaints of unlawful race discrimination in the

workplace, (5) targeting plaintiff FINLEY and other similarly situated African-American employees with adverse employment actions based upon race and national origin, (6) retaining biased workplace investigators that do not conduct fair, impartial, and objective investigations, and only look out for the best interests of the employer, and (7) creating a glass ceiling for African-American employees that file internal complaints of discrimination or unequal treatment in the workplace. This pattern and practice has the ultimate goal of preventing minority employees from obtaining high level supervisory positions, and further created a hostile work environment.

### FIRST CAUSE OF ACTION

(Race Harassment –All Defendants)

25. Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. California Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., prohibit an employer and any person from harassing any employee on the basis of race.

27. Defendants violated California Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., with regard to plaintiff FINLEY and other similarly situated employees when they engaged in a pattern and practice of harassment in the workplace based upon race that was inappropriate, unwelcome, offensive, and created a hostile work environment.

28. As a direct and proximate result of defendants' discriminatory acts, plaintiff has suffered loss of employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting in physical illness and emotional distress.

29. Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

benefits, costs of suit, embarrassment and anguish, all to his damage in an amount according to proof.

30. With respect to the individual defendants, the acts of these defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause plaintiff mental anguish, anxiety, and distress. Defendants' acts were done in conscious disregard of the risk of severe emotional harm to plaintiff and with the intent to injure plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling plaintiff to punitive damages against these defendants only.

## SECOND CAUSE OF ACTION

(Race Discrimination – Defendant County of Marin)

31. Plaintiff realleges and incorporates by reference Paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. California Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., provide that it is an unlawful employment practice for an employer to take any adverse employment action or otherwise discriminate against any person on the basis of race.

33. Defendants violated California Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. with regard to plaintiff FINLEY when they wrongfully disciplined, failed to promote, discriminated, and took other adverse employment actions against plaintiff FINLEY and other similarly situated black employees in the terms, conditions, or privileges of employment on the basis that plaintiff and other workers were African-American employees whose skin color is black.

34. Defendants' conduct towards plaintiff FINLEY and other similarly situated employees, as alleged above, constitutes an unlawful employment practice in violation of California Government Code §12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

35. As a direct and proximate result of defendants' discriminatory acts, plaintiff has suffered loss of employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting in physical illness and emotional distress.

36. Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, costs of suit, embarrassment and anguish, all to his damage in an amount according to proof.

### THIRD CAUSE OF ACTION

(Retaliation – All Defendants)

37. Plaintiff incorporates herein by reference all the allegations contained in paragraphs 1 through 36 of this complaint as fully set forth herein.

38. California Government Code § 12940(h) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., provide that it is an unlawful employment practice for an employer or any other person to retaliate against an employee for opposing an unlawful employment practice, filing a complaint of discrimination or harassment, or participating in any investigation or proceeding involving a claim of discriminatory treatment.

39. Defendants violated Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., with regard to plaintiff and other similarly situated employees when they retaliated against plaintiff in the terms and conditions of employment, took adverse employment actions against plaintiff for reporting and lodging complaints of discriminatory treatment in the workplace, participating in investigations or proceedings involving claims of discrimination, and requesting that defendants take immediate remedial measures and conduct fair and impartial investigations into discriminatory conduct on the part of supervisors and managers.

40. Defendants' conduct toward plaintiff and other similarly situated African-American employees as alleged above, constitutes an unlawful employment practice in violation

of California Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

41. As a direct and proximate result of defendants' retaliatory conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

42. Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

43. With respect to the individual defendants, the acts of these defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause plaintiff mental anguish, anxiety, and distress. Defendants' acts were done in conscious disregard of the risk of severe emotional harm to plaintiff and with the intent to injure plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling plaintiff to punitive damages against these defendants only.

## FOURTH CAUSE OF ACTION

(Failure to Prevent Harassment and Discrimination – Defendant County of Marin)

44. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 43 of this complaint as fully set forth herein.

45. California Government Code § 12940(k) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., provide that it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, retaliation, and harassment from occurring in the workplace.

46. Defendants violated Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., with regard to plaintiff and other similarly situated female employees when defendants knowingly and recklessly created a hostile work

environment for African-American employees, created a "glass ceiling" for African-American employees and other minorities, engaged in a pattern and practice of discrimination against African-American and minority employees, failed to conduct reasonable and impartial investigations when plaintiff and other employees complained about discriminatory conduct on the part of supervisors and management, and failed to take reasonable steps necessary to investigate the misconduct and prevent it from occurring and continuing.

47. Defendants' conduct toward plaintiff and other similarly situated employees as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

48. As a direct and proximate result of defendants' conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

49. Defendant's actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

## FIFTH CAUSE OF ACTION

(Violations of Civil Rights Laws – All Defendants)

50. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 49 of this Complaint as fully set forth herein.

51. Defendants actions and failures as alleged above constitute a pattern and practice of violations of the Civil Rights Laws of the United States, 42 U.S.C. §§ 1981, 1983, 1985. Defendants while acting under color of state authority and law wrongfully and intentionally discriminated against, retaliated against, and harassed plaintiff because of his race and because he opposed practices forbidden under the anti-discrimination laws and equal protection laws of the

United States. Defendants further failed to provide plaintiff with procedural and substantive due process regarding adverse employment actions, failure to promote, and investigation into plaintiff's internal complaints of discrimination. Defendants' conduct, as set forth above, constitutes violations, under color of law, of plaintiff's rights, privileges, and immunities guaranteed to them by the First Amendment of the United States Constitution rights of free speech and to petition the government for redress of grievances, the equal protection clause of the United States Constitution, and the due process clauses of the Fourteenth Amendment of the United States Constitution.

52. Moreover, there existed a contract of employment between defendants and plaintiff that was contained in government policies and procedures, and other agreements, and defendants, acting under color of state authority and law, intentionally and willfully interfered with plaintiff FINLEY' rights and benefits under that contact on the basis of race in violation of 42 U.S.C. § 1981.

53. Defendant's actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

54. As to the individual defendants, the acts of these said defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause plaintiff mental anguish, anxiety, and distress. The defendants' acts were done in conscious disregard of the risk of severe emotional harm to plaintiff and with the intent to injure plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling plaintiff to punitive damages against these defendants only.

///

///

///

## SIXTH CAUSE OF ACTION

(Violations of the California Constitution – Defendant County of Marin)

55. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 54 of this Complaint as fully set forth herein.

56. The California Constitution, Article I, Section 7, provides that a public entity may not deprive a person of a property or liberty interest without due process of law, and must provide equal protection to its employees.

57. In acting herein, defendant County of Marin violated plaintiff's due process and equal protection rights in failing to provide plaintiff with adequate procedural and substantive due process prior to engaging in adverse employment actions against plaintiff, and treating plaintiff in an unequal manner in the workplace.

58. As a result of defendant's actions, plaintiff seeks equitable and injunctive relief, including but not limited to back-pay.

## PRAYER FOR RELIEF

Wherefore, plaintiff prays for judgment against Defendants, and each of them as follows:

1. For general damages in an amount according to proof;

2. For special damages in an amount according to proof;

3. For punitive damages against the individual defendants;

3. For prejudgment interest in an amount according to proof;

4. For equitable and/or injunctive relief according to proof,

5. For reasonable attorney's fees and cost of suit therein;

6. For such other and further relief as the court may deem proper.

7. **Plaintiff hereby demands a trial by jury.**

Dated: November 21, 2007         KAHN BROWN & POORE LLP

By: _____
David M. Poore
Attorneys for Plaintiff

-12-
COMPLAINT FOR DAMAGES
FINLEY V. COUNTY OF MARIN, ET. AL.                   CASE NO. _____