PATRICK K. FAULKNER, COUNTY COUNSEL
Stephen Raab, SBN 180939
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.: (415) 499-6117, Fax: (415) 499-3796

Attorney(s) for the County of Marin,

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL FINLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF MARIN; MARSHA GRANT; DIANE STOKER; and DOES 1 through 50,<br><br>　　　　　Defendants. | Case No.: USDC 07 5922 TEH<br><br>DEFENDANT'S CASE MANAGEMENT STATEMENT |

　　　Counsel for Plaintiff informed counsel for Defendant that he would prepare a draft Joint Case Management Statement and provide it to Defendant for review.  Defendant's counsel did not receive a draft Case Management Statement from Plaintiff's counsel, so Defendant submits this separate statement to meet this court's order that the case management conference statement is submitted not less than seven days prior to the Case Management Conference on April 7, 2008.

**1.** **Jurisdiction and Services:** The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

**Response:**

　　　The court's subject matter jurisdiction is based upon the federal statutes of Plaintiff's action, including Title VII of the Civil Rights Act and 42 U.S.C. §§ 1981, 1983 and 1985.  Defendant has no

counterclaims. There are no issues regarding personal jurisdiction of the County of Marin or venue. The individually named defendants have not been served and have not appeared in the action.

**2.  Facts:** A brief chronology of the facts and a statement of the principal factual issues in dispute.

**Response:**

Plaintiff Karl Finley is currently a County of Marin employee, working as a Detention Nursing Supervisor, supervises the nursing staff that provides medical care for the inmates of the Marin County Jail. In 2006, the position of Nurse Manager Detention Services, was held open for recruitment. Plaintiff applied for the position, which would have been a promotion, but was not selected. Plaintiff challenged the failure to select him through the administrative process of the County of Marin. The Personnel Commission of the County of Marin heard the matter, and did not reach a decision because the vote was evenly split. The Personnel Commission rescheduled the hearing before the full Commission, but Plaintiff withdrew his pending administrative appeal and filed this action.

This action includes allegations of racial harassment, and the parties dispute whether or not this occurred. The parties also dispute all allegations of discrimination and retaliation.

Defendant disputes all claims of harassment, discrimination and retaliation by Plaintiff. Plaintiff fails to state any facts in his complaint regarding the type of harassment or discrimination he allegedly suffered, only conclusions and vague references to alleged events. Several paragraphs of the complaint (¶ 22-24) have been simply cut-and-pasted from previous complaints filed by the same counsel for Plaintiff in earlier actions against the County of Marin, and likely do not apply to the Plaintiff in this action.

**3.  Legal Issues:** A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

**Response:**

Plaintiff's causes of action related to Title VII of the Civil Rights Act are enough to state a claim under the notice pleading requirements of federal law. However, Defendant cannot ascertain the circumstances of Plaintiff's claims, other than it concerns Plaintiff's employment. No specific event of harassment against Plaintiff is alleged. Instead, a long list of conclusions about how the County of Marin treats others is set forth, in the same words as previous complaints. Therefore, Defendant cannot provide a

2
DEFENDANT'S CASE MANAGEMENT STATEMENT

1  legal analysis of the disputed points of law, because Defendant cannot determine any events that are alleged
2  to have occurred against Karl Finely.

3  **4.     Motions:**  All prior and pending motions, their current status, and any anticipated motions.
4  **Response:**
5      There are no prior or pending motions.  Defendant anticipates a motion for summary judgment.

6  **5.     Amendment of Pleadings:**  The extent to which parties, claims, or defenses are expected to be
7  added or dismissed and a proposed deadline for amending the pleadings.
8  **Response:**
9      The individual defendants have not been served with summons.  It is anticipated by Defendant that
10 the claim of retaliation against the individual defendants will be dismissed in light of the recent holding in
11 *Jones v. The Lodge at Torry Pines Partnership,* 42 Cal.4th 1158 (2008).

12 **6.     Evidence Preservation:**  Steps taken to preserve evidence relevant to the issues reasonably
13 evident in this action, including interdiction of any document-destruction program and any ongoing
14 erasures of e-mails, voice mails, and other electronically-recorded material.
15 **Response:**
16     Plaintiff is a current employee of Defendant, and his personnel file and related material are not
17 scheduled for destruction.  Defendant is currently unaware of the specifics of Plaintiff's claims, and
18 therefore it cannot determine what e-mails, voice mails and other electronically-recorded material may be
19 relevant to the issues of this case.

20 **7.     Disclosures:**  Whether there has been full and timely compliance with the initial disclosure
21 requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.
22 **Response:**
23     Initial Disclosures have not been exchanged.  The Defendant suggests Plaintiff provide initial
24 disclosures by April 21, with Defendant to provide initial disclosures two weeks after receipt of the
25 Plaintiff's initial disclosures.  The reason for a disclosure in steps is twofold.  In previous cases involving
26 these two counsels, the two counsels agree to provide initial disclosures simultaneously.  When Defendant's
27 counsel provides the initial disclosures on the agreed upon date, Plaintiff's counsel fails to honor the
28 commitment, and Defendant's counsel then must undergo a lengthy meet and confer process with Plaintiff's

DEFENDANT'S CASE MANAGEMENT STATEMENT

counsel to obtain the initial disclosure, a process which Plaintiff's counsel mostly ignores. Additionally, a staggered disclosure will allow Defendant to discover some basis of Plaintiff's factual claims, which the complaint failed to provide.

**8.     Discovery:** Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

**Response:**

No discovery has been taken. The following modifications of the discovery rules are suggested by Defendant:

1. 75 special interrogatories per party.
2. Two days (14 hours) of deposition testimony for the Plaintiff.

This modification of the discovery rules is necessary given the nature of Plaintiff's complaint, the multiple causes of action, and the numerous allegations set forth in the complaint for which Defendant believes have not been sufficiently identified with factual support. It would be highly prejudicial for the County of Marin to conduct discovery into these various allegations without additional interrogatories and deposition testimony.

**9.     Class Actions:** If a class action, a proposal for how and when the class will be certified.

**Response:**

Plaintiff's counsel has suggested this case may be a class action, but has not provided how or for what claims.

**10.    Related Cases:** Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**Response:**

Defendant believes this case is related to Johnson v. County of Marin, Case No.: C 05-4609 MHP; Rivers v. County of Marin Case No.: C 05-4251 SI; Thomas v. County of Marin, Case No.: C 06 2236 VRW. The factual allegations of this complaint were copied and pasted from the complaints in the above cases, with only minor changes in the name of the Plaintiff and the gender based pronouns.

DEFENDANT'S CASE MANAGEMENT STATEMENT

**11.     Relief:**  All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages were calculated.

**Response:**

If liability is established for any discrimination, retaliation or harassment claim, damages should be calculated according to statute and case law.

**12.     Settlement and ADR:**  Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

**Response:**

The parties agreed to participate in court sponsored ENE and have filed the ADR certifications and proposed orders.

**13.     Consent to Magistrate Judge for All Purposes:**  Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**Response:**

Defendant agrees.

**14.     Other References:**  Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**Response:**

An employment law case with nearly all facts in dispute is not well suited for arbitration.  No special master is needed (unless a class action is formed), nor is there multidistrict litigation.

**15.     Narrowing of Issues:**  Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g. through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

**Response:**

The County of Marin believes the cause of action for retaliation can be narrowed by removing the individual defendants, following the holding of *Jones v. The Lodge at Torry Pines Partnership,* 42 Cal.4th 1158 (2008).

**16.  Expedited Schedule:** Whether this is the type of case that can be handled on an expedited basis with streamline procedures.

**Response:**

    No.

**17.  Scheduling:** Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

**Response:**

    Issues related to service of the complaint to the individual defendants, the causes of action against them, and especially issues regarding whether or not this action will become a class action are not resolved, so proposed dates are difficult.

**18.  Trial:** Whether the case will be tried to a jury or to the court and the expected length of the trial.

**Response:**

    Plaintiff has requested a jury trial.  Estimated trial length is unknown if this case is a class action.

**19.  Disclosure of Non-party Interested Entities or Persons:** Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local rule 3-16.

**Response:**

    Defendant has not filed a "Certification of Interested Entities or Persons" because Rule 3-16(a) specifically exempts governmental entities such as the County of Marin from this requirement.  This rule does not apply to Plaintiff.

**20.**  Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

**Response:**

    None.

Dated: March 28, 2008

                                                     PATRICK K. FAULKNER
                                                     COUNTY COUNSEL

                                                     By: _____
                                                          Stephen R. Raab
                                                          Deputy County Counsel

DEFENDANT'S CASE MANAGEMENT STATEMENT