David M. Poore, SBN 192541
KAHN BROWN & POORE LLP
755 Baywood Drive, Suite 185
Petaluma, California 94954
Telephone:    (707) 763-7100
Facsimile:     (707) 763-7180
dpoore@kahnbrownlaw.com

Attorneys for Plaintiff
KARL FINLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL FINLEY,<br><br>          Plaintiff,<br><br>v.<br><br>COUNTY OF MARIN; MARSHA GRANT; DIANE STOKER; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No. C07-05922 TEH<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT**<br><br>Date:  April 7, 2008<br>Time: 1:30 p.m.<br>Location: Courtroom 12, 19th Floor<br>Hon. Thelton E. Henderson |

Plaintiff Karl Finley submits this separate Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.[1]

1. **Jurisdiction and Service:**

This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. Section 2000e-5, 42 U.S.C. Section 1983, and 28 U.S.C. Section 1331.  This Court has jurisdiction over the state law claims as they arise from the same common nucleus of operative facts.  Plaintiff is not aware of any counter claims.  The remaining unserved defendants are MARSHA GRANT and DIANE STOKER, both believed to be current employees of defendant County of Marin.  Plaintiff anticipates that defendant County of Marin's counsel, County Counsel

---

[1] Defendants submitted their own separate Case Management Conference without any notification or attempt to meet and confer with plaintiff.

-1-
PLAINTIFF'S CASE MANAGEMENT STATEMENT
FINLEY V. COUNTY OF MARIN, ET. AL.                                          CASE NO. **C07-05922 TEH**

for the County of Marin, will provide representation for both these unrepresented parties. However, as noted above, plaintiff will likely dismiss these individual defendants.

2. **Facts:**

Plaintiff's Position: This case is an employment discrimination and civil rights action alleging that defendant County of Marin has engaged in a pattern and practice of discrimination against its African-American employees, including plaintiff. The complaint further alleges that defendant County of Marin has a pattern and practice of retaliating against black employees that raise internal complaints of discrimination or unequal treatment in the workplace. The complaint alleges that following causes of action: (1) violations of California Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., including discrimination, retaliation, and harassment; (2) violations of the California Consitution, (3) failure to prevent discrimination and harassment in the workplace, including the failure to conduct fair, objective, and reasonable investigations into such complaints; and (4) violations of the Civil Rights Laws of the United States, 42 U.S.C. §§ 1983, 1985. The following are the essential factual allegations of the complaint.

On or about August 1997, defendants hired plaintiff Karl Finley ("plaintiff") as a Detention Registered Nurse ("RN") in the Health and Human Services Department. During the period of time that he was employed as a Detention RN, plaintiff performed his job duties in an outstanding fashion. He was provided with consistent praise regarding his skills and abilities and received regular merit increases. As a result of his superior performance, in 1999, plaintiff was promoted to Supervising Detention Nurse and was provided with a variety of supervisory responsibilities in connection with this new position.

In approximately 2001, a position opened-up for Chief Nurse. Plaintiff was qualified to assume the position, and shortly thereafter, he applied for the management job. Unfortunately, plaintiff was not selected.

In June 2006, the position of Chief Nurse re-opened, however was re-titled as "Nurse Manager." Plaintiff was admittedly was more qualified than any other applicant for this position,

and was advised by the Chief Medical Doctor of the facility that "if they don't give this to you, there is a problem." Plaintiff applied for this position and was not selected. Instead, defendant County of Marin selected defendant Grant, a less-qualified Caucasian employee that did not meet the minimum qualifications for the job. Immediately thereafter, defendant Grant began targeting plaintiff's employment in an attempt to create a record for disciplinary action.

In July 2006, plaintiff filed an internal complaint with the County's Equal Employment Opportunity/Affirmative-Action office and Human Resources alleging discrimination and unequal treatment in the workplace, including the failure to promote plaintiff to the Nurse Manager position. Plaintiff further advised defendants that the County of Marin has a pattern and practice of discriminating against African-American employees in the workplace.

Once the complaint was filed, defendants failed to take reasonable measures to investigate the internal complaint, and further failed to take any reasonable measures to prevent the discrimination from continuing.

Moreover, during this period of time and continuing to the present, defendant County of Marin has engaged (and continues to engage) in a pattern and practice of discrimination, retaliation, and harassment against plaintiff and other similarly situated African-American employees based upon their race. The discrimination and harassment targeted black employees, including plaintiff's, promotional opportunities within the County with the ultimate goal of preventing African-American employees from obtaining high level supervisory positions, and further created a hostile work environment, including referring to black employees who seek advancement as "niggers", "buckwheat", "nappy-heads", and other inappropriate comments in the workplace. Defendant County of Marin further engaged in retaliation against black employees that made complaints of discrimination in the workplace. The County's own statistical evidence demonstrates that it has a custom and practice of disparate treatment and impact related to the promotional opportunities of African-American employees.

Once plaintiff filed the internal complaint of discrimination, defendants retaliated against plaintiff, including such adverse actions as transferring plaintiff, reducing his work

responsibilities, and creating a hostile environment. As a result, plaintiff has suffered significant damages.

Defendant County of Marin's answer generally denies the affirmative allegations set forth in Plaintiff's complaint, and sets forth various affirmative defenses.

3. **Legal Issues:**

Plaintiff submits the following brief statement of the disputed points of law with respect to this action:

- Does the County of Marin have a pattern and practice of discriminating, harassing, and retaliating against African-American employees, including plaintiff, based upon race?;

- Whether Plaintiff was subjected to unlawful discrimination, harassment, and retaliation on the basis of race and/or national origin;

- Whether the County of Marin failed to promote plaintiff based upon race;

- Whether the defendants retaliated against plaintiff for asserting internal complaints of discrimination and harassment;

- Are the individual defendants subject to liability under California and Federal laws pertaining to employment discrimination, harassment, and retaliation;

- Whether Defendants violated plaintiff's civil rights;

- Whether Defendant County of Marin violated plaintiff's due process and equal protection rights, and treating plaintiff in an unequal manner in the workplace.

- If liability exists, the scope, nature, extent, and any limitations on damages.

4. **Motions:**

There are no prior or pending motions. Plaintiff anticipates a motion for leave to file an amended complaint to assert class-wide relief. Plaintiff proposes a deadline to file an amended complaint as no later than May 16, 2008. If granted, plaintiff will file the appropriate pre-trial

-4-
PLAINTIFF'S CASE MANAGEMENT STATEMENT
FINLEY V. COUNTY OF MARIN, ET. AL.                                   CASE NO. **C07-05922 TEH**

motions for class certification. Plaintiff will likely further file a motion for partial summary judgment, if necessary.

### 5. **Amendment of the Pleadings**

As noted above, plaintiff anticipates the filing of a motion to file an amended complaint to assert class action allegations. Plaintiff has advised defendant County of Marin of this motion, but defendant has not yet provided its position. Plaintiff anticipates that such a motion can be on file no later than May 16, 2008. If the motion is granted, plaintiff will likely dismiss the individual defendants.

### 6. **Evidence Preservation:**

Plaintiff has taken all reasonable measures to preserve evidence, including electronically stored information.

### 7. **Disclosures:**

Plaintiff has served his initial disclosures. Defendant has not yet made its initial disclosure.

### 8. **Discovery:**

Plaintiff has served his initial disclosures, and has sent out one subpoena for documents. Plaintiff anticipates that discovery can proceed under the Federal Rules of Civil Procedure with no departures at this point. If the motion to amend is granted to allow class-wide relief, the parties may need to depart from the discovery rules to appropriate address the class action allegations.

### 9. **Class Actions:**

Plaintiff believes this complaint is eligible for class action treatment, and requests a briefing schedule (as set forth above) to allow the filing of a motion to amend. Plaintiff is further in the process of selecting co-counsel to assist with prosecution of the class action.

10. **Related Cases:**

Plaintiff is unaware of any other related-case.

11. **Relief:**

Plaintiff seeks compensatory and punitive damages, and equitable and/or injunctive relief.

12. **Settlement and ADR:**

The parties have stipulated to and have been assigned to participate in an Early Neutral Evaluation process to be completed within the next 90 days.

13. **Consent to Magistrate Judge for All Purposes:**

Plaintiff respectfully declines to proceed before a Magistrate Judge for purposes of trial.

14. **Other References:**

Plaintiff does not suggest that this case is suitable for any other reference.

15. **Narrowing of Issues:**

The parties have not presently identified any substantive issues that can be narrowed by agreement other than the potential dismissal of the individual defendants. The parties will meet and confer to narrow issues as the need arises.

16. **Expedited Schedule:**

The parties do not propose that this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. **Scheduling**

As plaintiff will be filing a motion for leave to amend and potentially amending the complaint and there are remaining unserved defendants, the scheduling of cutoff dates and a trial date would be premature. Plaintiff proposes a briefing schedule for a motion to amend prior to assigning a trial date.

18. **Trial:**

The parties request that this case be tried to a jury and anticipate the length of trial to be 20 to 30 days.

19. **Disclosure of Non-Party Entities or Persons:**

Plaintiff is unaware of any such interest to report. Plaintiff is further unaware of Defendant's position regarding such interests.

20. **Other Matters:**

The parties submit that the information set forth above encompasses all of the matters which may be conducive to the just, efficient and economical determination of the action.

Dated: April 2, 2008            KAHN BROWN & POORE LLP

By: _____/s/_____
       David M. Poore
       Attorneys for Plaintiff

-7-
PLAINTIFF'S CASE MANAGEMENT STATEMENT
FINLEY V. COUNTY OF MARIN, ET. AL.                              CASE NO. **C07-05922 TEH**