1  David M. Poore, SBN 192541
   dpoore@kahnbrownlaw.com
2  Scott A. Brown, SBN 177099
   sbrown@kahnbrownlaw.com
3  KAHN BROWN & POORE LLP
   2200 Powell Street, Suite 745
4  Emeryville, California 94608
   Telephone:   (510) 923-6280
5  Facsimile:   (510) 923-6285

6  Attorneys for Plaintiff
   KARL FINLEY
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11
    KARL FINLEY,                              Case No.  C07-05922 TEH
12
              Plaintiff,                      **PLAINTIFF KARL FINLEY'S
13                                            APPLICATION FOR ORDER TO SHOW
                                              CAUSE WHY CONTEMPT CITATION
14  v.                                        SHOULD NOT ISSUE FOR LINDA
                                              DAUBE'S FAILURE TO COMPLY WITH
15                                            DEPOSITION SUBPOENA**

16  COUNTY OF MARIN; MARSHA GRANT;
    DIANE STOKER; and DOES 1 through 50,      [F.R.C.P. 45]
17  inclusive,

              Defendants.                     Date:      August 18, 2008
18                                            Time:      10:00 a.m.
                                              Location:  Courtroom 12, 19th Floor
19
                                              Hon. Thelton E. Henderson
20

21

22

23

24

25

26

27

28
                                      -1-

## NOTICE OF MOTION AND MOTION

Please take notice that on August 18, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard in the United States District Court for the Northern District of California, Honorable Thelton E. Henderson, in Courtroom 12, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, plaintiff KARL FINLEY will and hereby does move for an Application for Order to Show Cause Why Contempt Citation Should Not Issue For Linda Daube's Failure to Comply with Deposition Subpoena. This motion is being brought pursuant to Federal Rule of Civil Procedure Rule 45.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Scott A. Brown, including the exhibits attached thereto, the pleadings on file in this action, and such other matters and arguments that may be presented by the parties at the hearing in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  STATEMENT OF THE CASE**

This motion involves a non-party witness' failure to comply with a timely and lawfully served deposition subpoena. The subpoena calls for relevant material. Ms. Linda Daube will testify concerning the allegations contained in the complaint, including plaintiff's employment and damages. She will testify about the investigations undertaken on behalf of the County of Marin, statistical evidence of discrimination at the County, and findings regarding the witnesses' investigations.

Ms. Daube has not personally responded in any form. Instead, county counsel served untimely objections on her behalf. Failure to serve timely objections waives all grounds for objection, including privilege. *In re DG Acquisition Corp.* 151 F.3d 75, 81 (privilege against self-incrimination waived by delay).

As a professional courtesy, plaintiff's counsel offered county counsel and Ms. Daube several additional weeks to gather documents and prepare for deposition. County counsel demanded that plaintiffs' counsel address each of its boilerplate and untimely objections.

Plaintiff's counsel explained that even if the objections were timely, it is undisputed no privilege log was furnished. As such, the parties are operating in a vacuum regarding the legitimacy of any of the objections. County counsel has folded its arms and will not budge. He has offered no support for any of his objections. Ms. Daube will not be produced "without a motion." As such, plaintiff has no alternative but to seek judicial intervention for compliance with his subpoena and to move this case forward.

## II.     INTRODUCTION

On April 29, 2008, plaintiff personally served Ms. Linda Daube with a subpoena for deposition to occur and produce records on May 19. [*See* Declaration of Scott A. Brown ("Brown Decl."), Exh. A]. She was served twenty days in advance of her noticed deposition.

On May 16, without any attempt to meet and confer, counsel for defendant Marin County ("county counsel") served objections to the subpoena and request for production of documents, on behalf of Ms. Daube. (Brown Decl., Exh. B). The objections were served more than fourteen days after service of the subpoena. Plaintiff's counsel wrote county counsel explaining that the objections, including any privileges asserted were untimely and therefore waived. (Brown Decl., Exh. C). *In re DG Acquisition Corp.* 151 F.3d 75, 81 (privilege against self-incrimination waived by delay).

County counsel denied that Ms. Daube had been personally served and stated that she would not be appearing for deposition. (Brown Decl., Exh. D). Plaintiffs' counsel provided county counsel with the proof of service showing Ms. Daube was served on April 29 for a deposition to occur on May 19. (Brown Decl., Exh. E). Plaintiffs' counsel reiterated that the last day to serve objections to the subpoena was May 13. He requested that county counsel confirm that the objections be withdrawn and Ms. Daube make herself available for deposition on a mutually convenient date. Plaintiffs' counsel stressed that Ms. Daube had already received twenty days notice for her deposition, which appeared to be more than reasonable. Plaintiff's counsel also noted that he would have extended the time had County Counsel brought it to plaintiff's attention.

Receiving no response, plaintiff's counsel telephoned county counsel in an effort at informal resolution of this discovery dispute. (Brown Decl., ¶7). County counsel replied that he "had sent another letter." Plaintiff's counsel had not received such letter but wanted to take the opportunity to resolve this dispute on the telephone without trading more letters back and forth. County counsel stated that he did not believe he have waived any objections based on the "totality of the circumstances", which he was unable or unwilling to define. Instead, he referred plaintiff's counsel again to a letter that had not been received. <u>Plaintiff's counsel explained that if Ms. Daube needed more time to appear for deposition and/or to produce responsive documents plaintiff was more than willing to be reasonable and wait another couple of weeks</u>. (Brown Decl., ¶8). However, it had been almost two months since she was served with plaintiff's subpoena. County Counsel's response was that Ms. Daube will not be produced "without a motion." (Brown Decl., Exh. F).

County counsel then sent two letters both dated June 17, concluding that plaintiff's counsel had not met and conferred in good faith. Further, county counsel maintained that plaintiff's subpoena interfered with Ms. Daube's work as a "solo-practicing attorney." (Brown Decl., Exhs. G, H).

On June 26, plaintiff's counsel wrote county counsel noting that (a) the waiver issue applies to all objections; (b) even if the objections were timely, they are boilerplate and frivolous; (c) no privilege log has been produced; (d) Ms. Daube's alleged status as a "solo-practicing attorney" is nonsensical and irrelevant; (e) an extension has already been granted and ignored; and (f) it is Ms. Daube or county counsel's burden to support their objections. (Brown Decl., Exh. I). At this point, it was clear to plaintiff's counsel that county counsel was relying on his self-serving letters, avoiding any rebuttal to the waiver issue, and would not justify any of his objections.

To date, Ms. Daube has had almost three months to gather responsive documents and prepare for her deposition. However, county counsel will not produce her absent "a motion." As

such, plaintiff has no alternative but to seek judicial intervention to compel Ms. Daube's compliance with the deposition subpoena.

### III.    LEGAL ANALYSIS

Failure of a person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  FRCP section 45(e).  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.  FRCP section 45(d)(1(A).

#### A.    Ms. Daube waived objections to the subpoena, including any based on privilege.

Objections to a deposition subpoena must be served within fourteen days after service of the subpoena, except that if the subpoena is served less than fourteen days before the deposition, the objections can be served anytime before the deposition.  FRCP 45(c)(2)(B).  Plaintiff's subpoena was served on April 29, twenty days in advance of the deposition noticed for May 19.  As such, any objections were due by May 13.  Ms. Daube's objections served on May 16, are untimely.  Failure to serve timely objections waives all grounds for objection, including privilege.  *In re DG Acquisition Corp.*  151 F.3d 75, 81 (privilege against self-incrimination waived by delay).  Further, no documentation or privilege log was provided in support of the privileges asserted.  FRCP 45(d)(2).

County counsel maintains that FRCP 34 applies and requires thirty days notice for a subpoena calling for personal attendance and documents.  (Exhs. B, D).  This argument is misplaced.  Plaintiff is unaware of any authority confirming that the thirty days notice requirement under FRCP 34 overrides FRCP 45, with respect to service of subpoenas.  <u>Under FRCP 45 the standard is one of reasonableness</u>.  This provision specifically contemplates that less than fourteen day service may be proper.  FRCP 45(c)(2)B.  Plaintiff submits that twenty days notice is more than reasonable for Ms. Daube's deposition.  However, even if it is not, *plaintiff offered to extend the time for deposition and production of documents.*  Neither county counsel

1  nor Ms. Daube requested additional time.  Instead, county counsel chose to serve objections
2  without any meet and confer efforts.  At the time of this filing, Ms. Daube and county counsel
3  have had nearly three months to prepare for deposition.

4  **IV.    CONCLUSION**

5  Based on the above, plaintiff respectfully requests that the court grant this application and
6  execute an order showing cause as to why a contempt citation should not issue for Ms. Daube's
7  failure to comply with plaintiff's deposition subpoena.

9  Dated:  July 9, 2008                    KAHN BROWN & POORE LLP

11                                         By:_____/s/_____
                                                  Scott A. Brown
12                                                Attorneys for Plaintiff