1   David M. Poore, SBN 192541
    dpoore@kahnbrownlaw.com
2   Scott A. Brown, SBN 177099
    sbrown@kahnbrownlaw.com
3   KAHN BROWN & POORE LLP
    2200 Powell Street, Suite 745
4   Emeryville, California 94608
    Telephone:    (510) 923-6280
5   Facsimile:    (510) 923-6285

6   Attorneys for Plaintiff
    KARL FINLEY

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

    KARL FINLEY,                          **Case No.  C07-05922 TEH**
11
                 Plaintiff,               **DECLARATION OF SCOTT A. BROWN
12                                        IN SUPPORT OF PLAINTIFF'S
                                          APPLICATION FOR ORDER TO SHOW
13  v.                                    CAUSE WHY CONTEMPT CITATION
                                          SHOULD NOT ISSUE FOR LINDA
14                                        DAUBE'S FAILURE TO COMPLY WITH
    COUNTY OF MARIN; MARSHA GRANT;        DEPOSITION SUBPOENA**
15  DIANE STOKER; and DOES 1 through 50,
    inclusive,                            **[F.R.C.P. 45]**
16
                 Defendants.              **Date:      August 18, 2008
17                                        Time:       10:00 a.m.
                                          Location:   Courtroom 12, 19th Floor**
18
                                          **Hon. Thelton E. Henderson**
19

20

21

22        I, Scott A. Brown, declare:

23        1.    I am a partner of the law firm of Kahn Brown & Poore LLP, attorneys for the

24  plaintiff in this action.  I have personal knowledge of the matters stated in this declaration and

25  could competently testify to them if called as a witness.

26

27

28
                                      -1-

1    2.    Attached hereto as Exhibit A is a true and correct copy of a subpoena for

2  deposition and production of documents my office caused to be personally served on Linda

3  Daube on April 29, 2008, for her appearance on May 19.  Ms. Daube was served twenty days in

4  advance of her noticed deposition.

5

6    3.    Attached hereto as Exhibit B, is a true and correct copy of defendant Marin

7  County's ("county counsel") objections to the subpoena and request for production of documents

8  on behalf of Ms. Daube, served on May 16, 2008.  The objections were served more than fourteen

9  days after service of the subpoena.

10

11    4.    I wrote county counsel explaining that the objections, including any privileges

12  asserted were untimely and therefore waived.  Attached hereto as Exhibit C is a true and correct

13  copy of my correspondence dated June 2, 2008.

14

15    5.    Attached hereto as Exhibit D is a true and correct copy of county counsel's

16  correspondence denying that Ms. Daube had been personally served and stating that she would

17  not be appearing for deposition.

18

19    6.    On June 9, 2008, I provided county counsel with the proof of service showing Ms.

20  Daube was served on April 29 for a deposition to occur on May 19, attached hereto as Exhibit E.

21  I reiterated that the last day to serve objections to the subpoena was May 13 and requested that

22  county counsel confirm that the objections be withdrawn and Ms. Daube make herself available

23  for deposition on a mutually convenient date.  I stressed that Ms. Daube had already received

24  twenty days notice for her deposition, which appeared to be more than reasonable.  Further, I

25  noted that I would have extended the time had county counsel brought it to my attention.

26

27

28

-2-
DECL. OF SCOTT A. BROWN IN SUPPORT OF PLAINTIFF'S OSC RE:  CONTEMPT
FINLEY V. COUNTY OF MARIN, ET. AL.                    CASE NO. C07-05922 TEH

1         7.    Receiving no response, I telephoned county counsel in an effort at informal

2    resolution of this discovery dispute.  County counsel replied that he "had sent another letter."  I

3    had not received such letter but wanted to take the opportunity to resolve this dispute on the

4    telephone without trading more letters back and forth.  County counsel stated that he did not

5    believe he have waived any objections based on the "totality of the circumstances", which he was

6    unable or unwilling to define.  Instead, he referred me again to a letter that had not been received.

7

8         8.    I explained to county counsel that if Ms. Daube needed more time to appear for

9    deposition and/or to produce responsive documents I was more than willing to be reasonable and

10    wait another couple of weeks.  However, it had been almost two months since she was served

11    with plaintiff's subpoena.  County counsel's response was that Ms. Daube will not be produced

12    "without a motion."  Attached hereto as Exhibit F is a true and correct copy of my

13    correspondence dated June 17 confirming such discussion.

14

15         9.    County counsel then sent two letters both dated June 17, attached hereto as

16    Exhibits G and H, concluding that I had not met and conferred in good faith.  Further, county

17    counsel maintained that plaintiff's subpoena interfered with Ms. Daube's work as a "solo-

18    practicing attorney."

19

20         10.    On June 26, I wrote county counsel noting that (a) the waiver issue applies to all

21    objections; (b) even if the objections were timely, they are boilerplate and frivolous; (c) no

22    privilege log has been produced; (d) Ms. Daube's alleged status as a "solo-practicing attorney" is

23    nonsensical and irrelevant; (e) an extension has already been granted and ignored; and (f) it is Ms.

24    Daube or county counsel's burden to support their objections, attached hereto as Exhibit I.  At

25    this point, it was clear to me that county counsel was relying on his self-serving letters, avoiding

26    any rebuttal to the waiver issue, and would not justify any of his objections.

27

28

DECL. OF SCOTT A. BROWN IN SUPPORT OF PLAINTIFF'S OSC RE:  CONTEMPT
FINLEY V. COUNTY OF MARIN, ET. AL.          CASE NO. **C07-05922 TEH**

1    11.    To date, Ms. Daube has had almost three months to gather responsive documents

2    and prepare for her deposition.  However, county counsel will not produce her absent "a motion."

3    As such, I have no alternative but to seek judicial intervention to compel Ms. Daube's compliance

4    with the deposition subpoena.

5

6    12.    Based on the above, I respectfully request that the court grant this application and

7    execute an order showing cause as to why a contempt citation should not issue for Ms. Daube's

8    failure to comply with plaintiff's deposition subpoena.

9

10    I declare under penalty of perjury under the laws of the State of California that the

11    foregoing is true and correct.

12    Executed this 9th day of July at Emeryville, California.

13

14    _____/s/_____
       Scott A. Brown

15    Attorney for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-