ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):
David M. Poore, 192541
KAHN, BROWN & POORE, LLP
2200 Powell
Emeryville, CA 94608
TELEPHONE NO: (510) 923-6280
ATTORNEY FOR (Name): Plaintiff

Ref. No. or File No: Finley

FOR COURT USE ONLY

Insert name of court, judicial district or branch court, if any:

United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102-3483

PLAINTIFF: Finley

DEFENDANT: County of Marin, et al.

| **PROOF OF SERVICE** | DATE: 5/19/2008 | TIME: 9:00 AM | DEPT/DIV: | CASE NUMBER: C07-05922 TEH |
|---|---|---|---|---|

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:
Subpoena in a Civil Case

2. Person Served (name): Linda Daube

3. Date and Time of Delivery: 4/29/2008 3:00 PM

4. Address where served: 438 1st St 4th Floor
Santa Rosa, CA 95401

5. I received the above document(s) for service on (date): 4/28/2008

6. Witness Fees: Witness fees and mileage both ways were not demanded or paid.

BY FAX

Fee for service (including Witness Fees if paid) $:79.00

Registered California process server.
County: SONOMA
Registration No.:P-378

Oleg Grinshpan
One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA 94947
415-491-0606

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 4/30/2008 at Oakland, California.

Signature: ______________________
Oleg Grinshpan

FF# 6681625

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FINLEY
V.
COUNTY OF MARIN, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C07-05922 TEH

TO: Linda Daube, 438 1st Street 4th Floor, Santa Rosa, California 95401; (707) 578-9530.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment

| PLACE | DATE AND TIME |
|---|---|
| 755 Baywood Drive, Suite 185, Petaluma, California 94954 | 5/19/2008 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] FOR PLAINTIFF | 4/25/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David M. Poore, Kahn Brown & Poore LLP, 755 Baywood Drive, Suite 185, Petaluma, CA 94954; (707) 763-7100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 4/28/2008 | Petaluma, California |

SERVED ON (PRINT NAME): *See Attachment

MANNER OF SERVICE: *See Attachment

SERVED BY (PRINT NAME): Leslie L. Tacata

TITLE: Legal Assistant

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 4/28/2008
DATE

SIGNATURE OF SERVER

755 Baywood Drive, Suite 185
ADDRESS OF SERVER

Petaluma, California 94954

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

Attachment to Subpoena to Linda Daubi
Page 1 of 2

Deponent is to produce the following documents:

- Any and all documents, including electronically stored information (collectively "documents") that reference or relate to plaintiff Karl Finley;
- Any and all documents constituting, regarding, referencing, or relating to any workplace investigations, including any witness interviews, notes, communications, drafts of documents, preliminary findings or conclusions, scope(s) of assignment, interim reporting, meeting minutes, final reports, exhibits, evidence reviewed, or any other writings relating to the investigation (collectively "workplace investigations"), into plaintiff Karl Finley's complaints of discrimination, retaliation, unequal treatment, or harassment at the County of Marin, including any of its political subdivisions, departments, human resources, board of supervisors, affirmative action office, agencies, employees, appointees, affiliates, or representatives (collectively "County of Marin") from 1998 to the present;
- Any and all documents constituting, regarding, referencing, or relating to any workplace investigations into complaints of discrimination, retaliation, unequal treatment, or harassment at the County of Marin, from 1998 to the present;
- Any and all documents showing the income or payments you, including any business form associated with you (collectively "you") received from the County of Marin from 1998 to the present;
- Any and all documents constituting, regarding, referencing, or relating to any invoices, timesheets, estimates, charges, or collection of payments for work performed on behalf of the County of Marin, including the workplace investigation regarding plaintiff Karl Finley, from 1998 to the present;
- Any and all documents constituting, regarding, referencing, or relating to the County of Marin Affirmative Action reports, plans, findings, or data, including any statistical information;
- Any and all documents constituting, regarding, referencing, or relating to any contracts, understandings, or agreements you have, or used to have, with the County of Marin from 1998 to the present, including any exhibits, addendums, modifications, changes, additions, proposals, applications, screening documents, negotiations, discussions, notes, and any documents you presented to the County of Marin to conduct work;
- Any email, correspondence, or communications with the County of Marin, including but not limited to Laura Armor, James Evans, or any other representative of the human resources department or affirmative action office, from 1998 to the present;

Attachment to Subpoena to Linda Daubi
Page 2 of 2

- Any and all documents constituting, regarding, referencing, or relating to any training or education you provided to the County of Marin from 1998 to the present; and,

- Any and all documents setting forth your education, training, experience, and qualifications, including any resumes or other related material (including any such material that was provided to the County of Marin), related to any work you performed for the County of Marin.

*Finley v. County of Marin, et al.*
U.S. District Court Case No. C07-05922 TEH

# PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action. I am an employee of Kahn Brown & Poore LLP, and my business address is 755 Baywood Drive, Suite 185, Petaluma, CA 94954. On the date below, I caused to be served the following documents:

**SUBPOENA IN A CIVIL CASE (Linda Daube)**

on the parties involved, addressed as follows:

Stephen R. Raab
County Counsel of Marin County
3501 Civic Center Drive, Ste. 303
San Rafael, California 94903
***Attorneys for County of Marin***

( ) **BY PERSONAL DELIVERY:** I caused each such envelope to be delivered by hand to the offices of each addressee above.

(√) **BY U.S. MAIL:** I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Petaluma, California. I am readily familiar with business practices for collection and processing of mail in this office; and that in the ordinary course of business said document would be deposited with the U.S. Postal Service in Petaluma on that same day. I understand that service shall be presumed invalid upon motion of a party served if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this declaration.

( ) **BY FACSIMILE:** By use of facsimile machine telephone number (707) 763-7180, I served a copy of the above document(s) on the above interested parties at the facsimile number(s) listed above. The transmission was reported as complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting facsimile machine.

( ) **BY FEDERAL EXPRESS OVERNIGHT DELIVERY:** I caused each envelope, with delivery fees provided for, to be deposited in a box regularly maintained by Federal Express. I am readily familiar with my firm's practices for collection and processing of correspondence for overnight delivery and know that in the ordinary course, the document(s) described above will be deposited in a box or other facility regularly maintained by Federal Express or delivered to an authorized courier or driver authorized by Federal Express to receive documents on the same date that it is placed at Kahn Brown & Poore LLP for collection.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Petaluma, California, on **April 28, 2008**.

LESLIE L. TACATA