ORIGINAL

1 PATRICK K. FAULKNER, COUNTY COUNSEL
Stephen Raab, SBN 180939
2 3501 Civic Center Drive, Room 303
San Rafael, CA 94903
3 Tel.: (415) 499-6117, Fax: (415) 499-3796

4
Attorney(s) for the Linda Daube
5

6

7                    UNITED STATES DISTRICT COURT

8         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 | Karl Finley,                              | Case No.: USDC 07 5922 TEH

11 |             Plaintiff,                     | NON-PARTY WITNESS LINDA DAUBE'S
   |                                           | OBJECTIONS TO INSPECTING AND
12 |      v.                                   | COPYING ANY OR ALL DOCUMENTS OR
   |                                           | MATERIALS
13 | County of Marin; Marsha Grant; Diane Stoker; and

14 | DOES 1 through 50,

15 |             Defendants.

16

17 SUBPOENAING PARTY:  Karl Finely

18 RESPONDING PARTY:  Linda Daube

19       Ms. Daube hereby requests Plaintiff to pay for all fees and costs of complying with the subpoena.

20 FRCP 45(c)(2)(B)(ii).

21       Objection.  The subpoena does not provide a reasonable amount of time to respond.  FRCP 45

22 states that the time between service of a subpoena and the date set for compliance must be "reasonable."

23 The time allowed by this subpoena is simply not reasonable.  Linda Daube is a busy attorney with

24 significant time commitments.  She cannot be expected to drop everything she is doing in order to

25 comply with an overly broad subpoena for documents that plaintiff has no proper basis to obtain.  When

26 a party to an action that receives a deposition notice that includes the production of documents, FRCP 34

27 applies.  Under FRCP 34, a minimum of notice of 30 days is required.  That same time period should be

28

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

1    considered the minimum amount of notice for a non-party as well.  Such notice was not provided to Ms.

2    Daube.

3    FIRST UNNUMBERED REQUEST

4         Any and all documents, including electronically stored information (collectively "documents")

5    that reference or relate to plaintiff Karl Finley.

6    RESPONSE TO FIRST UNNUMBERED REQUEST

7         Objection.  The request seeks documents that are not relevant to the claim of any party.  Such a

8    broad request is improper.  It is not enough that the documents sought be relevant to the subject matter

9    of the case, without a court order.  The subpoena can only seek documents relevant to a particular claim

10   of plaintiff.  There is no plausible portion of the complaint that would amount to a claim that would

11   allow for such discovery.

12        Further objection is made because this subpoena subjects the witness to undue burden.  FRCP

13   45(c)(3)(A)(iv).  The burden of this proposed discovery outweighs its likely benefits.  The needs of this

14   case simply do not require every single scrap of paper or note on a computer that may relate in some

15   way to Karl Finley.  The resources of the witness, a sole practicing private attorney, do not allow for

16   response to such an overwhelmingly broad document request.  It is impossible to determine what the

17   importance of every single document that may relate in some way to Finley that would outweigh the

18   burden and time consuming attempt to respond to such a demand.  This subpoena is abusively drawn

19   because it imposes an undue burden that is way too broad, and does not relate  to a particular claim of

20   Plaintiff.  It is drafted without any attempt made to try to tailor the information request to the immediate

21   needs of the case.

22        Further objection is made pursuant to FRCP 45(c)(3)(A)(iii).  The information sought includes

23   privileged information.  Linda Daube is an attorney, and some of the functions she performs for the

24   County of Marin are attorney services.  Those documents are protected by the attorney client privilege

25   and work product doctrine.  Additionally, the overly broad description may also include confidential

26   information of other County of Marin employees, protected by the right to privacy.

27        Further objection is made because Plaintiff is seeking documents that would reveal an unretained

28   expert's opinion.  Ms. Daube was an attorney hired by the County of Marin to provide her expert

2

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

1   opinion and investigation of a harassment complaint. Ms. Daube was compensated for that service.

2   Plaintiff now seeks the same information and opinions Ms Daube was hired to provide for the County of

3   Marin, yet does not intend to pay for the expert opinions.  FRCP(c)(3)(B)(ii).

4   SECOND UNNUMBERED REQUEST

5        Any and all documents constituting, regarding, referencing, or relating to any workplace

6   investigations, including any witness interviews, notices, communications, drafts of documents,

7   preliminary findings or conclusions, scope(s) of assignment, interim reporting, meeting minutes, final

8   reports, exhibits, evidence reviewed, or any other writings relating to the investigation (collectively

9   "workplace investigations"), into plaintiff Karl Finley's complaints of discrimination, retaliation,

10  unequal treatment, or harassment at the County of Marin including any of its political subdivisions,

11  departments, human resources, board of supervisors, affirmative action office, agencies, employees,

12  appointees, affiliates, or representatives (collectively "County of Marin").

13  RESPONSE TO SECOND UNNUMBERED REQUEST

14       Objection.  The request seeks documents that are not relevant to the claim of any party.  Such a

15  broad request is improper.  It is not enough that the documents sought be relevant to the subject matter

16  of the case, without a court order.  The subpoena can only seek documents relevant to a particular claim

17  of plaintiff.  There is no plausible portion of the complaint that would amount to a claim that would

18  allow for such discovery.  This category of documents does not merely seek the investigation itself, it is

19  seeking any document relating to the investigation in any manner.  It is completely overbroad and not

20  drawn to apply to a particular claim of plaintiff.

21       Further objection is made because this subpoena subjects the witness to undue burden.  FRCP

22  45(c)(3)(A)(iv).  The burden of this proposed discovery outweighs its likely benefits.  The resources of

23  the witness, a sole practicing private attorney, do not allow for response to such an overwhelmingly

24  broad document request.  It is impossible to determine what the importance of every single document

25  that may relate in some way to Finley that would outweigh the burden and time consuming attempt to

26  respond to such a demand.  This subpoena is abusively drawn because it imposes an undue burden that

27  is way too broad, and does not relate to a particular claim of Plaintiff.  It is drafted without any attempt

28  made to try to tailor the information request to the immediate needs of the case.

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

1    Further objection is made pursuant to FRCP 45(c)(3)(A)(iii). The information sought includes

2   privileged information. Linda Daube is an attorney, and some of the functions she performs for the

3   County of Marin are attorney services. Those documents are protected by the attorney client privilege

4   and work product doctrine. Additionally, the overly broad description may also include confidential

5   information of other County of Marin employees, protected by the right to privacy.

6    Further objection is made because Plaintiff is seeking documents that would reveal an unretained

7   expert's opinion. Ms. Daube was an attorney hired by the County of Marin to provide her expert

8   opinion and investigation of a harassment complaint. Ms. Daube was compensated for that service.

9   Plaintiff now seeks the same information and opinions Ms Daube was hired to provide for the County of

10   Marin, yet does not intend to pay for the expert opinions. FRCP(c)(3)(B)(ii).

11   <u>THIRD UNNUMBERED REQUEST</u>

12    Any and all documents constituting, regarding, referencing, or relating to any workplace

13   investigations into complaints of discrimination, retaliation, unequal treatment, or harassment at the

14   County of Marin , from 1998 to the present.

15   <u>RESPONSE TO THIRD UNNUMBERED REQUEST</u>

16    Objection. The request seeks documents that are not relevant to the claim of any party. Such a

17   broad request is improper. It is not enough that the documents sought be relevant to the subject matter

18   of the case, without a court order. The subpoena can only seek documents relevant to a particular claim

19   of plaintiff. There is no plausible portion of the complaint that would amount to a claim that would

20   allow for such discovery. In fact, by the very nature of the description, it specifically seeks documents

21   that are outside the scope of plaintiff's claims, and instead seeks documents that are related to other

22   people besides Finley.

23    Further objection is made because this subpoena subjects the witness to undue burden. FRCP

24   45(c)(3)(A)(iv). The burden of this proposed discovery outweighs its likely benefits. Ms. Daube should

25   not be required to look through every document that may possibly relate to work she did for the County

26   of Marin for cases other than the plaintiff, merely because plaintiff is on a fishing expedition for any

27   scrap of information that may relate to occurrences outside of the knowledge of the plaintiff. The

28   resources of the witness, a sole practicing private attorney, do not allow for response to such an

4

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

1  overwhelmingly broad document request.  There can be no importance to the documents, which by the

2  terms of the inspection description doe not relate to Finley, that would outweigh the burden and time

3  consuming attempt to respond to such a demand.  This subpoena is abusively drawn because it imposes

4  an undue burden that is way too broad, and does not relate to a particular claim of Plaintiff.  It is drafted

5  without any attempt made to try to tailor the information request to the immediate needs of the case.

6        Further objection is made because this description seeks documents for harassment purposes.

7  There is no legal basis or good faith reason to expect that an attorney for the County of Marin and expert

8  hired by the County of Marin would provide documents not related to the claims of the plaintiff by the

9  very terms of the description.

10        Further objection is made pursuant to FRCP 45(c)(3)(A)(iii).  The information sought includes

11  privileged information.  Linda Daube is an attorney, and some of the functions she performs for the

12  County of Marin are attorney services.  Those documents are protected by the attorney client privilege

13  and work product doctrine.  Additionally, the overly broad description includes multiple amount

14  confidential information of other County of Marin employees, protected by the right to privacy.

15        Further objection is made because Plaintiff is seeking documents that would reveal an unretained

16  expert's opinion.  Ms. Daube was an attorney hired by the County of Marin to provide her expert

17  opinion and investigation of a harassment complaint.  Ms. Daube was compensated for that service.

18  Plaintiff now seeks the same information and opinions Ms Daube was hired to provide for the County of

19  Marin, yet does not intend to pay for the expert opinions.  FRCP(c)(3)(B)(ii).

20  FOURTH UNNUMBERED REQUEST

21        Any and all documents showing the income or payments you, including any business form

22  associated with you (collectively "you") received from the County of Marin from 1998 to the present.

23  RESPONSE TO FOURTH UNNUMBERED REQUEST

24        Objection.  The request seeks documents that are not relevant to the claim of any party.  Such a

25  broad request is improper.  It is not enough that the documents sought be relevant to the subject matter

26  of the case, without a court order.  The subpoena can only seek documents relevant to a particular claim

27  of plaintiff.  There is no plausible portion of the complaint that would amount to a claim that would

28  allow for such discovery.  In fact, by the very nature of the description, it specifically seeks documents

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

1  that are outside the scope of plaintiff's claims, and instead seeks documents that are related to other

2  people besides Finley.

3    Further objection is made because this subpoena subjects the witness to undue burden.  FRCP

4  45(c)(3)(A)(iv).  The burden of this proposed discovery outweighs its likely benefits.  Ms. Daube should

5  not be required to disclose personal financial information, merely because plaintiff is on a fishing

6  expedition for any scrap of information that may relate to occurrences outside of the experience of the

7  plaintiff.  There can be no importance to the documents, which by the terms of the inspection does not

8  relate to Finley, and would outweigh the burden and time consuming attempt to respond to such a

9  demand.  This subpoena is abusively drawn because it imposes an undue burden that is way too broad,

10  and does not relate  to a particular claim of Plaintiff.  It is drafted without any attempt made to try to

11  tailor the information request to the immediate needs of the case.

12    Further objection is made because this description seeks documents for harassment purposes.

13  There is no legal basis or good faith reason to expect that an attorney for the County of Marin and expert

14  hired by the County of Marin would provide documents not related to the claims of the plaintiff by the

15  very terms of the description.

16    Further objection is made pursuant to FRCP 45(c)(3)(A)(iii).  The information sought includes

17  privileged information.  Linda Daube is an attorney, and some of the functions she performs for the

18  County of Marin are attorney services.  The documents relating to invoices would reveal what issues

19  Ms. Daube was working on, and those documents are protected by the attorney client privilege and work

20  product doctrine.  Additionally, the overly broad description includes multiple amount confidential

21  financial information of Ms. Daube, protected by the right to privacy.

22    Further objection is made because Plaintiff is seeking documents that would reveal an unretained

23  expert's opinion.  Ms. Daube was an attorney hired by the County of Marin to provide her expert

24  opinion and investigation of a harassment complaint.  Ms. Daube was compensated for that service.

25  Plaintiff now seeks the same information and opinions Ms Daube was hired to provide for the County of

26  Marin, yet does not intend to pay for the expert opinions.  FRCP(c)(3)(B)(ii).

27  FIFTH UNNUMBERED REQUEST

28

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

1   Any and all documents constituting, regarding, referencing, or relating to any invoices,

2   timesheets, estimates, charges, or collection of payments for work performed on behalf of the County of

3   Marin, including the workplace investigation regarding plaintiff Karl Finley, from 1998 to the present.

4   RESPONSE TO FIFTH UNNUMBERED REQUEST

5   Objection. The request seeks documents that are not relevant to the claim of any party. Such a

6   broad request is improper. It is not enough that the documents sought be relevant to the subject matter

7   of the case, without a court order. The subpoena can only seek documents relevant to a particular claim

8   of plaintiff. There is no plausible portion of the complaint that would amount to a claim that would

9   allow for such discovery.

10   Further objection is made pursuant to FRCP 45(c)(3)(A)(iii). The information sought includes

11   privileged information. Linda Daube is an attorney, and some of the functions she performs for the

12   County of Marin are attorney services. The documents relating to invoices would reveal what issues

13   Ms. Daube was working on, and those documents are protected by the attorney client privilege and work

14   product doctrine. Additionally, the overly broad description includes multiple amount confidential

15   financial information of Ms. Daube, protected by the right to privacy.

16   Further objection is made because Plaintiff is seeking documents that would reveal an unretained

17   expert's opinion. Ms. Daube was an attorney hired by the County of Marin to provide her expert

18   opinion and investigation of a harassment complaint. Ms. Daube was compensated for that service.

19   Plaintiff now seeks the same information and opinions Ms Daube was hired to provide for the County of

20   Marin, yet does not intend to pay for the expert opinions. FRCP(c)(3)(B)(ii).

21   SIXTH UNNUMBERED REQUEST

22   Any and all documents constituting, regarding, referencing, or relating to the County of Marin

23   Affirmative Action reports, plans, findings, or data, including any statistical information.

24   RESPONSE TO SIXTH UNNUMBERED REQUEST

25   Ms. Daube has no documents responsive to this category description.

26   SEVENTH UNNUMBERED REQUEST

27   Any and all documents constituting, regarding, referencing or relating to any contracts,

28   understandings, or agreements you have or used to have, with the County of Marin from 1998 to the

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

1    present, including any exhibits, addendums, modifications, changes, additions, proposals, applications,

2    screening documents, negotiations, discussions, notices, and any documents you presented to the County

3    of Marin to conduct work.

4    RESPONSE TO SEVENTH UNNUMBERED REQUEST

5          Objection.  The request seeks documents that are not relevant to the claim of any party.  Such a

6    broad request is improper.  It is not enough that the documents sought be relevant to the subject matter

7    of the case, without a court order.  The subpoena can only seek documents relevant to a particular claim

8    of plaintiff.  There is no plausible portion of the complaint that would amount to a claim that would

9    allow for such discovery.  In fact, by the very nature of the description, it specifically seeks documents

10   that are outside the scope of plaintiff's claims, and instead seeks documents that are related to other

11   people besides Finley.

12         Further objection is made because this subpoena subjects the witness to undue burden.  FRCP

13   45(c)(3)(A)(iv).  The burden of this proposed discovery outweighs its likely benefits.  Ms. Daube should

14   not be required to disclose personal financial information, merely because plaintiff is on a fishing

15   expedition for any scrap of information that may relate to occurrences outside of the experience of the

16   plaintiff.  There can be no legitimate importance to the documents, which by the terms of the inspection

17   does not relate to Finley, and would outweigh the burden and time consuming attempt to respond to such

18   a demand.  This subpoena is abusively drawn because it imposes an undue burden that is way too broad,

19   and does not relate  to a particular claim of Plaintiff.  It is drafted without any attempt made to try to

20   tailor the information request to the immediate needs of the case.

21         Further objection is made because this description seeks documents for harassment purposes.

22   There is no legal basis or good faith reason to expect that an attorney for the County of Marin and expert

23   hired by the County of Marin would provide documents not related to the claims of the plaintiff by the

24   very terms of the description.  Ms. Daube should not have to provide any scrap of paper that may in

25   some way relate to a contract, which would include payment, financial information, and other

26   confidential material.

27         Further objection is made pursuant to FRCP 45(c)(3)(A)(iii).  The information sought includes

28   privileged information.  Linda Daube is an attorney, and some of the functions she performs for the

8

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

1    County of Marin are attorney services.  The documents relating to invoices would reveal what issues

2    Ms. Daube was working on, and those documents are protected by the attorney client privilege and work

3    product doctrine.  Additionally, the overly broad description includes multiple amount confidential

4    financial information of Ms. Daube, protected by the right to privacy.

5    <u>EIGHTH UNNUMBERED REQUEST</u>

6         Any email, correspondence, or communications with the County of Marin, including but not

7    limited to Laura Armor, James Evans, or any other representative of the human resources department or

8    affirmative action office, from 1998 to the present.

9    <u>RESPONSE TO EIGHTH UNNUMBERED REQUEST</u>

10         Objection.  The request seeks documents that are not relevant to the claim of any party.  Such a

11    broad request is improper.  It is not enough that the documents sought be relevant to the subject matter

12    of the case, without a court order.  The subpoena can only seek documents relevant to a particular claim

13    of plaintiff.  There is no plausible portion of the complaint that would amount to a claim that would

14    allow for such discovery.  In fact, by the very nature of the description, it specifically seeks documents

15    that are outside the scope of plaintiff's claims, and instead seeks documents that are related to other

16    people besides Finley.

17         Further objection is made because this subpoena subjects the witness to undue burden.  FRCP

18    45(c)(3)(A)(iv).  The burden of this proposed discovery outweighs its likely benefits.  Ms. Daube should

19    not be required to look through every document that may possibly relate to work she did for the County

20    of Marin for cases other than the plaintiff, merely because plaintiff is on a fishing expedition for any

21    scrap of information that may relate to occurrences outside of the knowledge of the plaintiff.  The

22    resources of the witness, a sole practicing private attorney, do not allow for response to such an

23    overwhelmingly broad document request.  There can be no importance to the documents, which by the

24    terms of the inspection does not relate to Finley, and would outweigh the burden and time consuming

25    attempt to respond to such a demand.  This subpoena is abusively drawn because it imposes an undue

26    burden that is way too broad, and does not relate  to a particular claim of Plaintiff.  It is drafted without

27    any attempt made to try to tailor the information request to the immediate needs of the case.

28

9

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

1    Further objection is made because this description seeks documents for harassment purposes.

2    There is no legal basis or good faith reason to expect that an attorney for the County of Marin and expert

3    hired by the County of Marin would provide documents not related to the claims of the plaintiff by the

4    very terms of the description.

5    Further objection is made pursuant to FRCP 45(c)(3)(A)(iii). The information sought includes

6    privileged information. Linda Daube is an attorney, and some of the functions she performs for the

7    County of Marin are attorney services. Those documents are protected by the attorney client privilege

8    and work product doctrine.

9    Further objection is made because Plaintiff is seeking documents that would reveal an unretained

10    expert's opinion. Ms. Daube was an attorney hired by the County of Marin to provide her expert

11    opinion and investigation of a harassment complaint. Ms. Daube was compensated for that service.

12    Plaintiff now seeks the same information and opinions Ms Daube was hired to provide for the County of

13    Marin, yet does not intend to pay for the expert opinions. FRCP(c)(3)(B)(ii).

14    NINTH UNNUMBERED REQUEST

15    Any and all documents constituting, regarding, referencing, or relating to any training or

16    education you provided to the County of Marin from 1998 to the present.

17    RESPONSE TO NINTH UNNUMBERED REQUEST

18    Ms. Daube has no documents responsive to this category description.

19    TENTH UNNUMBERED REQUEST

20    Any and all documents setting forth your education, training, experience, and qualifications,

21    including any resumes or other related material (including any such material that was provided to the

22    County of Marin), related to any work you performed for the County of Marin.

23    RESPONSE TO TENTH UNNUMBERED REQUEST

24    Objection. The request seeks documents that are not relevant to the claim of any party. Such a

25    broad request is improper. It is not enough that the documents sought be relevant to the subject matter

26    of the case, without a court order. The subpoena can only seek documents relevant to a particular claim

27    of plaintiff. There is no plausible portion of the complaint that would amount to a claim that would

28    allow for such discovery.

10

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

1    Further objection is made because this subpoena subjects the witness to undue burden.  FRCP

2  45(c)(3)(A)(iv).  The burden of this proposed discovery outweighs its likely benefits.  Ms. Daube should

3  not be required to disclose every document related in any way to her training, experience, and

4  qualifications.  That category would include copies of her diplomas, tuition payments, transcripts, and

5  other items completely unrelated to plaintiff's claims that are in no way related to Ms. Daube's training.

6  There simply is nothing in Plaintiff's complaint that would justify such a document production without

7  court order.  There can be no importance to the documents, which by the terms of the inspection does

8  not relate to Finley, and would outweigh the burden and time consuming attempt to respond to such a

9  demand.  This subpoena is abusively drawn because it imposes an undue burden that is way too broad,

10  and does not relate  to a particular claim of Plaintiff.  It is drafted without any attempt made to try to

11  tailor the information request to the immediate needs of the case.

12

13  May 16, 2008

14                                                            PATRICK K. FAULKNER
                                                             COUNTY COUNSEL
15

16

                                                   By: _____
17                                                       Stephen R. Raab
                                                         Deputy County Counsel
18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is County Counsel of Marin County, Suite 303, Civic Center, San Rafael, CA 94903.  On May 16, 2008, I served the within documents:

**NON-PARTY WITNESS LINDA DAUBE'S OBJECTIONS TO INSPECTING AND COPYING ANY OR ALL DOCUMENTS OR MATERIALS**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐    by placing the document(s) listed above in a sealed envelope for collection and mailing on that date following ordinary business practices.  I am readily familiar with the County's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U. S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Rafael, California addressed as set forth below.

☐    by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

x    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by overnight delivery to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) set forth below.

David M. Poore
Kahn, Brown & Poore
755 Baywood Drive, Suite 185
Petaluma, CA  94954

☐    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

x    I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 16, 2008, at San Rafael, California.

Patty Jackson

28768.doc