| | | |
|---|---|---|
| PATRICK K. FAULKNER<br>COUNTY COUNSEL<br><br>JACK F. GOVI<br>ASSISTANT COUNTY COUNSEL<br><br>DOROTHY R. JONES<br>CHIEF DEPUTY | **COUNTY COUNSEL OF MARIN COUNTY**<br><br>3501 Civic Center Drive, Suite 275<br>San Rafael, California 94903-5222<br><br>(415) 499-6117<br><br>FAX (415) 499-3796<br>TDD (415) 499-6172 | MARI-ANN G. RIVERS<br>RENEE GIACOMINI BREWER<br>DAVID L. ZALTSMAN<br>MICHELE KENO<br>NANCY STUART GRISHAM<br>JENNIFER M. W. VUILLERMET<br>PATRICK M. K. RICHARDSON<br>THOMAS F. LYONS<br>STEPHEN R. RAAB<br>STEVEN M. PERL<br>SHEILA SHAH LICHTBLAU<br>EDWARD J. KIERNAN<br>JESSICA F. MILLS<br>DEPUTIES<br><br>JEANINE MICHAELS<br>ADMINISTRATIVE ASSISTANT |

June 4, 2008

Scott A. Brown
Kahn Brown & Pore LLP
2200 Powell Street, Suite 745
Emeryville, CA 94608

Re:    Re: *Finley v. County of Marin, et al.*, Case No. C07 5922 THE

Dear Mr. Brown:

This letter responds to your facsimile of June 2, 2008 regarding the subpoena directed to Linda Daube. You stated the letter was sent pursuant to FRCP 37(a)(2)(B). Please note there is no such provision of the Federal Rules, and you are apparently sending the letter pursuant to FRCP 37(a)(1).

Your letter states that that the subpoena at issue was served on April 25. This claim is erroneous. Ms. Daube was in Southern California on April 25 for business.

Aside from the procedural service issues, the subpoena directed to Ms. Daube contained numerous overbroad and burdensome descriptions of documents that were improperly drafted and do not apply to the claims of any party. Ms. Daube is an attorney for the County of Marin. The subpoena specifically seeks all work product and attorney-client privileged information Ms. Daube holds in connection to her work with the County of Marin. As you know, when the scope of discovery requested is improper, and that improper scope includes privileged documents, no privilege log needs to be filed until after a meet and confer process occurs, or the court narrows the scope of discovery. See United States v. Philip Morris Inc. (DC Cir. 2003) 347 F.3d 951, 954.

You letter asserts that serving objections to a deposition subpoena without any meet and confer efforts is improper because of Local Rule 37-1(a). Local Rule 37-1(a) provides:

28976.doc

Letter to Scott A. Brown
Page 2

**37-1. Procedures for Resolving Disputes.**
**(a) Conference Between Counsel Required.** The *Court* will not entertain a *request or a motion* to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues. If counsel for the moving party seeks to arrange such a conference and opposing counsel **refuses or fails to confer, the Judge may impose an appropriate sanction, which may include an order requiring payment of all reasonable expenses, including attorney's fees, caused by the refusal or failure to confer.** [emphasis added]

As Local Rule 37-1(a) clearly states, the **meet and process referenced pertains to** a *request or a motion to the court.* Local Rule 37-1(a) additionally references FRCP 37 as the meet and confer process to be followed. A response to a subpoena is properly met with an objection, pursuant to FRCP 45(c). There is no meet and confer process connected to the explicit authority from FRCP 45(c) to respond to a nonparty witness subpoena with a written objection.

Meet and confer efforts are required pursuant to Local Rule 30-1. "A party noticing a deposition of a witness who is not a party or affiliated with a party must also meet and confer about scheduling, but may do so after serving the nonparty witness with a subpoena." No one from your firm attempted to contact Ms. Daube. However, Ms. Daube is an attorney hired by the County of Marin to provide services, and as such, she should be considered a party affiliated witness. As a **party affiliated witness**, Local Rule 30-1 states: ". . . **before** noticing a deposition of **a party or** *witness affiliated with a party*, the noticing party **must** confer about the scheduling of the deposition with opposing counsel or, if the party is pro se, the party." [emphasis added] Your firm failed to meet and confer with opposing counsel at any time, before or after noticing the deposition of Ms. Daube.

FRCP 45 states that the time between service of a subpoena and the date set for compliance must be "reasonable." Under the circumstance, the time allowed by this subpoena is not reasonable given that it sought documents instead of witness testimony. The "reasonable" amount of time for scheduling this deposition is not the same as a deposition for testimony only. As I am sure you are aware, this type of subpoena requires significantly more work than simply traveling to a deposition. Ms. Daube is a busy solo-practicing attorney with significant time commitments. It is unreasonable to schedule a due date of her deposition, without any required meet and confer by your firm, so close to service of an overly broad and improper subpoena for documents.

FRCP 30(b)(1) also has a "reasonable" notice standard for depositions of a party witness. Often, ten days is considered "reasonable" notice for deposition testimony under FRCP 30. However, if the party noticing the deposition joins a request for production of documents for the deposition, FRCP 34 applies. Under FRCP 34, a minimum of notice of 30 days is required. That same time period should be considered the minimum amount of notice for a non-party as well, under the reasonableness

standard for FRCP 45. Such notice was not provided to Ms. Daube. A court "must" quash or modify a subpoena that fails to allow a reasonable time to comply. FRCP 45(c)(3)(A)(i).

At this point, I will construe your letter offering to meet and confer as if made in good faith, and advise you that I too am available engage in further meaningful efforts to resolve the issues with the subpoena. I believe it is in our client's best interest and in the interest of judicial economy to avoid the necessity of seeking court intervention in a matter which contains clear statutes and Local Rules. Local Rule 37-1(a) requires an attempt "to resolve *all* disputed issues." Prior to seeking a motion to enforce the subpoena, I request you engage in a meet and confer process regarding all disputed issues, including the objections to the categories of documents.

Sincerely,

Stephen R. Raab
Attorney for Linda Daube