PATRICK K. FAULKNER
COUNTY COUNSEL

JACK F. GOVI
ASSISTANT COUNTY COUNSEL

DOROTHY R. JONES
CHIEF DEPUTY

COUNTY COUNSEL OF MARIN COUNTY

3501 Civic Center Drive, Suite 275
San Rafael, California 94903-5222

(415) 499-6117

FAX (415) 499-3796
TDD (415) 499-6172

MARI-ANN G. RIVERS
RENEE GIACOMINI BREWER
DAVID L. ZALTSMAN
MICHELE KENO
NANCY STUART GRISHAM
JENNIFER M. W. VUILLERMET
PATRICK M. K. RICHARDSON
THOMAS F. LYONS
STEPHEN R. RAAB
STEVEN M. PERL
SHEILA SHAH LICHTBLAU
EDWARD J. KIERNAN
JESSICA F. MILLS
DEPUTIES

JEANINE MICHAELS
ADMINISTRATIVE ASSISTANT

June 17, 2008

VIA FACSIMILE and U.S. MAIL

Scott A. Brown
Kahn Brown & Pore LLP
2200 Powell Street, Suite 745
Emeryville, CA 94608

Re:    Re: *Finley v. County of Marin, et al.*, Case No. C07 5922 THE

Dear Mr. Brown:

I have received your facsimile of June 17, sent at 10:39 a.m. I believe you are not proceeding with a meet and confer in good faith because you continue to insist that Ms. Daube has waived all objections. You refuse to discuss or address the multiple issues I have raised in objection to the deposition subpoena. Local Rule 37-1(a) requires an attempt "to resolve *all* disputed issues." Your attempts to meet and confer are not in good faith, because you insist upon the production of all documents without objection. You only discuss one issue, which is *when* the documents should be produced. The proper discussion, to meet and confer on all issues, is whether the documents should be produced at all. You have yet to address my objections or my meet and confer letter raising those issues.

Your refusal to discuss any objections further demonstrates the abusive and bad faith nature of the subpoena itself. Ms. Daube is an attorney for the County of Marin. The subpoena specifically seeks all work product and attorney-client privileged information Ms. Daube holds in connection to her work with the County of Marin. Propounding an obviously overbroad subpoena upon a solo-practicing attorney for client information, asking for a privilege log despite law to the contrary, and insisting that all privileged and confidential documents be produced without objection is the height of abuse of the discovery process.

I have yet to see any conduct by you or your firm regarding this subpoena that could be considered acting in good faith. Your letter of June 2 did not address any

29159.doc

Letter to Scott A. Brown
Page 2

objections to the description of the documents sought. Instead, your letter merely claimed an incorrect date of service, demanded all objections be waived, and unilaterally claimed a reasonable amount of time for the deposition was provided based upon the incorrect service date. You next letter of June 9 merely corrected one of the numerous errors contained in your June 2 letter. Your phone call was a ruse, claiming to meet and confer, when in reality you simply were insisting upon full compliance with the subpoena without objection. If you insist upon a motion to compel without a good faith attempt to meet and confer, as opposed to your continued campaign of harassment against Ms. Daube and bad faith in your communications with me, I will be forced to seek sanctions against you and your firm.

Sincerely,

*[signature]*

Stephen R. Raab
Attorney for Linda Daube