PATRICK K. FAULKNER, COUNTY COUNSEL
Stephen Raab, SBN 180939
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.: (415) 499-6117, Fax: (415) 499-3796

Attorney(s) for the Linda Daube

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Karl Finley,<br><br>            Plaintiff,<br><br>     v.<br><br>County of Marin; Marsha Grant; Diane Stoker; and DOES 1 through 50,<br><br>            Defendants. | Case No.: USDC 07 5922 TEH (JL)<br><br>NON-PARTY WITNESS LINDA DAUBE'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE WHY CONTEMPT CITATION SHOULD NOT ISSUE |

Non-Party witness Linda Daube hereby opposes Plaintiff Karl Finley's Application for Order to Show Cause Why Contempt Citation Should Not Issue for Ms. Daube.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Linda Daube is an attorney for the County of Marin, a Defendant in this action. Plaintiff is seeking document discovery, through a subpoena, of all work product and attorney-client privileged information Ms. Daube holds. No testimony was sought by the subpoena, only the privileged documents. Linda Daube was hired by the County of Marin to provide legal advice and legal work product, and is a potential expert witness for the County of Marin. The material sought by Plaintiff is clearly protected by the attorney-client privilege and/or is work product. The very nature of Plaintiff's subpoena is harassing and improper.

The amount of misinformation and falsehoods presented by Plaintiff, through counsel Scott A. Brown, in this matter is staggering. Beginning with his first purported meet and confer letter through the application for an order to show cause, Scott A. Brown has consistently misrepresented facts and misstated the law.

Plaintiff is basing his entire argument regarding the application for an order to show cause upon his contention that the valid objections to the subpoena were not served in a timely manner, and therefore, all objections, including for attorney-client privilege, have been waived. However, Plaintiff has consistently presented false information regarding when the subpoena was served.

Scott A. Brown first claimed the subpoena was served on April 25, and later changed his claim to April 29, 2008. However, both dates claimed to be the service dates are false. In fact, Plaintiff has failed to establish whether the objections were late at all.

## II. FACTS

Plaintiff drafted an extremely overbroad and unduly burdensome subpoena for Linda Daube, an attorney for Defendant County of Marin. The subpoena sought all work product and attorney-client privileged documents Ms. Daube holds. The subpoena did not seek any testimony of Ms. Daube, and representations of Plaintiff regarding the relevance of her supposed testimony are nonsensical, not least of which because the subpoena did not seek any testimony from Ms. Daube. Ms. Daube provided valid objections to the subpoena by personal service upon Plaintiff's counsel place of business on May 16, 2008.

Plaintiff has only provided misinformation regarding the date of service for the subpoena upon Linda Daube. Scott A. Brown initially claimed "Plaintiff's subpoena was served on April 25, twenty-four days in advance of the deposition noticed for May 19." [Brown Decl. Ex. C]. He added, "As such, any objections were due by May 9." This claim was untrue. Linda Daube was in Southern California on that day for business. When Scott A. Brown was presented with this information, he changed his claim regarding the day the subpoena was supposedly served. He thereafter claimed the subpoena was served April 29, and the last day to serve objection to the subpoena was May 13. [See Brown Decl. ¶¶ 2 and 6, and Ex. E].

The declaration of Brown includes an Exhibit A,[1] which purports to be a proof of service, but continues to maintain the misrepresentation regarding the date of service. The first page of Exhibit A is a one page document that claims to be a proof service from Oleg Grinshpan, signed with a 0 and an X. The document only provides that a subpoena was served upon Linda Daube on April 29, 2008 at 3:00 p.m. at 438 1st St. 4th Floor, Santa Rosa, California. However, this claim is false. Ms. Daube was not in her office at that time.

On April 29, 2008, Ms. Daube had a therapeutic massage with Patricia Duane at 405 Adobe Canyon Road, Kenwood, California. Ms. Daube has the therapeutic massage approximately twice a month. The appointment is a 30 minute drive from Ms. Daube's office. When Ms. Daube has the massage appointment, she waits to take a lunch until early afternoon, leaves the office well in advance of 3:00 p.m., and goes to her appointment without returning to her office. Ms. Daube specifically recalls that she did not receive the subpoena on April 29, 2008. Therefore, Plaintiff's position regarding the service date of the subpoena is false.

### III. LEGAL ARGUMENT

**A.    PLAINTIFF FAILS TO ESTABLISH THE SERVICE DATE OF THE SUBPOENA**

The sole basis for Plaintiff's application for an order to show cause is that the objections Ms. Daube prepared pursuant to FRCP 45, and served in person on May 16, were late because the subpoena was served on April 29. Because of this claimed lateness, all objections were then waived. Plaintiff makes no attempt to demonstrate that the subpoena for records sought documents relevant to any claim, nor that the documents were not privileged. Plaintiff maintains that because the subpoena was served on April 29 (and not April 25 as Plaintiff's counsel originally claimed), Ms. Daube's objections were served late. However, Plaintiff fails to establish that the subpoena was served on April 29 as he claims.

Scott A. Brown's Declaration at ¶ 2 claims the service of the subpoena was accomplished by his "office." In some unexplained way the office "caused" the subpoena "to be personally served on Linda Daube on April 29, 2008." No explanation is given regarding the steps taken by his "office" to cause

---

[1] Exhibit A also includes a proof of service by U.S. Mail from Leslie Tacata to the attorneys for Defendant County of Marin, dated April 28, 2008. This proof of service is not relevant for determination of the date Ms. Daube was personally served,

3
NON-PARTY WITNESS LINDA DAUBE'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE WHY CONTEMPT CITATION SHOULD NOT ISSUE

the personal service on April 29.  Included in Exhibit A to the Brown Declaration is a one page document that appears to be a proof service from Oleg Grinshpan, who apparently does not work for Scott A. Brown's office.  The proof of service has an X over an O on a signature line over Mr. Grinshpan's name.  Only a copy of a proof of service allegedly signed by Oleg Grinshpan was provided, but Plaintiff provides no foundation regarding how this document is not hearsay.

The one page hearsay document only provides that a subpoena was served upon Linda Daube on April 29, 2008 at 3:00 p.m. at 438 1st St. 4th Floor, Santa Rosa, California.  However, this claim is false.  Ms. Daube was not in her office at that time.  [Daube Decl. ¶¶3-5].  Ms. Daube specifically recalls that she did not receive the subpoena on April 29, 2008.  [Daube Decl. ¶6].

Scott A. Brown has consistently misrepresented the date of service of the subpoena, first claiming service on April 25, and then on April 29.  The entire basis for his application is that Ms. Daube's objections served in person on May 16 were late, yet he cannot establish a credible time that the subpoena was served.  On this basis alone, the application should be denied.

**B.  THE SUBPOENA ITSELF SEEKS IMPROPER ATTORNEY-CLIENT AND ATTORNEY WORK PRODUCT INFORMATION**

The documents sought by Plaintiff are not permitted to be disclosed pursuant to FRCP 45(c)(3)(A)(iii).  The information sought consists nearly entirely of privileged information.  Linda Daube is an attorney, and the functions she performs for the County of Marin are attorney services.  The documents she prepares for the County of Marin are protected by the attorney client privilege and work product doctrine.  The subpoena specifically seeks all work product and attorney-client privileged information Ms. Daube holds in connection to her work with the County of Marin.  Plaintiff claims that the failure to provide a privilege log waives any attorney-client objections.  However, that is simply a misstatement of law.  When the scope of discovery requested is improper, and that improper scope includes privileged documents, no privilege log needs to be filed until after a meet and confer process occurs, or the court narrows the scope of discovery. See *United States v. Philip Morris Inc.* (DC Cir. 2003) 347 F.3d 951, 954.  Plaintiff's document subpoena was completely overbroad and was

---

nor did the County Counsel's Office represent Ms. Daube at that time.

4
NON-PARTY WITNESS LINDA DAUBE'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE WHY CONTEMPT CITATION SHOULD NOT ISSUE

specifically calculated to obtain attorney-client privilege information. Scott A. Brown refused to meet and confer regarding any of the issues related to the improper nature of the subpoena, so until that happens, no privilege log is required. [See Brown Decl. Exs. C, D, E F, G and H]. The subpoena was a harassment technique by Plaintiff's counsel, as three similar discovery requests seeking for attorney-client information were issued by Plaintiff's counsel on the same day, including two in other cases. [Raab Decl. ¶ 4]

### C. PLAINTIFF'S COUNSEL FAILED TO PROPERLY MEET AND CONFER PRIOR TO FILING THIS APPLICATION

Scott A. Brown failed to proceed in good faith with Local Rule 37 before filing this application. Local Rule 37 states that "the Court will not entertain a *request* or a motion to resolve a disclosure or *discovery dispute* unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve *all* disputed issues." [emphasis added]. This rule was pointed out to Scott A. Brown in letters from Ms. Daube's counsel on June 4, June 9 and June 17. [See Brown Decl. Exs. D, G and H and Raab Decl. Ex. 1]. However, the good faith meet and confer requirement was not met by Scott A. Brown because he simply insisted that all objections were waived and refused to discuss the multiple objections to the subpoena.

Scott A. Brown's position was a consistent refrain that all documents, including those protected by the attorney-client privilege and work product doctrine, must be produced. The only matter Scott A. Brown discussed was *when* the documents should be produced. The proper discussion, to meet and confer on all issues, included whether the documents should be produced at all. Therefore, Scott A. Brown did not meet his obligations pursuant to Local Rule 37, and by Rule the Court should not entertain Plaintiff's request to resolve this discovery dispute.

### D. OTHER FACTORS MAKE THE SUBPOENA INVALID

Plaintiff is seeking documents that would reveal an unretained expert's opinion. Ms. Daube was an attorney hired by the County of Marin to provide her expert opinion and investigation of a harassment complaint. Ms. Daube was compensated for that service. Plaintiff now seeks the same information and opinions Ms. Daube was hired to provide for the County of Marin, yet does not intend to pay for the expert opinions. FRCP 45(c)(3)(B)(ii).

Further, each party only has the right to discover "any nonprivileged matter that is relevant to any party's claim or defense." FRCP 26(b)(1). Plaintiff has failed to demonstrate how the subpoena could be proper under this standard. The information sought is privileged, as the only reason Ms. Daube received the subpoena at all was because she was hired as an attorney by Defendant County of Marin to provide analysis of the Finley claims. Nor has Plaintiff demonstrated how the documents sought are relevant to his claim. In fact, Plaintiff makes no showing at all, other than to make false claims about the date of serve of the subpoena, and expects that Ms. Daube has to violate the attorney-client privilege and turn over all her client's documents.

Additionally, the subpoena itself is overbroad on its face and exceeds the bounds of fair discovery. The subpoena specifically seeks the attorney-client information and attorney work product information prepared by Ms. Daube. The discovery rules were not formulated so that a party could serve a subpoena upon the attorneys of another party and hope to obtain attorney-client information. The burden is on the moving party to demonstrate actual and substantial prejudice from the denial of discovery. *In re Sulfuric Acid Antitrust Litig*. (ND IL 2005) 231 FRD 331, 333. Plaintiff failed to present any information regarding why the documents requested are relevant to Plaintiff's claim. Additionally, the attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or on a person subject to the subpoena. FRCP 45(c)(1) The very nature of Plaintiff's subpoena violates this rule, as a subpoena for all documents that an attorney has regarding her client is extremely improper.

### E. PLAINTIFF'S COUNSEL CONSISTENTLY MISSTATES THE LAW AND FACTS IN THIS MATTER

Plaintiff further misrepresents the law by claiming that the party affiliated witness Ms. Daube has violated an obligation to meet and confer before she can serve her objections. [Application 3:11 and 6:1-2; Brown Decl. Ex. C] Such a claim is completely baseless, and is in fact exactly opposite of the rule. Ms. Daube is an attorney hired by the County of Marin to provide services, and as such, she should be considered a party affiliated witness. As a party affiliated witness, Local Rule 30-1 states: ". . . **before** noticing a deposition of a party or *witness affiliated with a party*, the noticing party **must** confer about the scheduling of the deposition with opposing counsel or, if the party is pro se, the party." [emphasis added] Plaintiff failed to meet and confer with opposing counsel at any time, before or after

noticing the deposition requesting records of Ms. Daube, regarding the scheduling of the deposition date.  Raab Decl. ¶ 5].  Nor did he meet and confer with Ms. Daube.  [Daube Decl. ¶ 7].  Plaintiff attempts to shift this affirmative obligation upon him to Ms. Daube by claiming Ms. Daube needed to contact Plaintiff before serving objections.  There is no such meet and confer requirement prior to providing objections to a subpoena.

The declaration of Scott A. Brown contains many other factual misrepresentations.  Paragraph 5 of the Brown Declaration states that Ms. Daube's counsel sent correspondence "denying that Ms. Daube had been personally served and stating that she would not be appearing for deposition."  The actual letter [Brown Decl. Ex. D] points out that Ms. Daube was not served on April 25, something that Scott A. Brown later was forced to admit. However, the letter does not deny that Ms. Daube had been personally served with the subpoena.  Additionally, there was no subpoena seeking the appearance of Ms. Daube at deposition, so the statement is also nonsensical.

Scott A. Brown also mischaracterizes the conversation of June 17 in which "county counsel's response was that Ms. Daube will not be produced 'without a motion.'"  As the letter from Deputy County Counsel Stephen Raab pointed out [See Brown Decl. Ex. G and Raab Decl. ¶6], the context of the statement was a response to Scott A. Brown refusing to meet and confer on the issues related to the objections raised by Ms. Daube.  The only item Scott A. Brown was willing to discus was the date the documents were to be produced, and he ignored the proper objections that were raised, despite a requirement to meet and confer on those issues before a motion could be made.  As Exhibit G to the Brown Declaration points out, if Scott A. Brown would have been willing to drop his insistence that all objections to the deposition had been waived, and instead actually discuss the objections, the meet and confer process could have continued.  The statement regarding Scott A. Brown needing to make a motion was in connection to his refusal to meet and confer in good faith.  Additionally, Ms. Daube was never going to be "produced" herself, because there was no deposition request included with the subpoena.

## IV. CONCLUSION

Plaintiff's sole basis for this application for an order to show cause is that the objections to the subpoena are late, yet he fails to provide admissible evidence that the subpoena was served on April 29,

7
NON-PARTY WITNESS LINDA DAUBE'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE WHY CONTEMPT CITATION SHOULD NOT ISSUE

1  2008, as claimed.  Linda Daube denies the subpoena was served on April 29.  Further, the subpoena was
2  directed to an attorney of the Defendant, and clearly intended to obtain privileged documents and harass
3  Ms. Daube. Additionally, Plaintiff brought this application without a meet and confer on all the issues,
4  as required by Local Rule 37. Therefore, no action should be taken, and the court should order Scott A.
5  Brown to conduct an in person meet and confer regarding the objections of Ms. Daube.

7  August 6, 2008

                                    PATRICK K. FAULKNER
                                    COUNTY COUNSEL

                             By:  _____/s/_____
                                  Stephen R. Raab
                                  Deputy County Counsel

NON-PARTY WITNESS LINDA DAUBE'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE WHY CONTEMPT CITATION SHOULD NOT ISSUE