1  PATRICK K. FAULKNER, COUNTY COUNSEL
   Stephen Raab, SBN 180939
2  3501 Civic Center Drive, Room 275
   San Rafael, CA 94903
3  Tel.: (415) 499-6117, Fax: (415) 499-3796

4
   Attorney(s) for the Linda Daube
5

6

7              UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10  Karl Finley, | Case No.: USDC 07 5922 TEH (JL) |
| 11      Plaintiff, | DECLARATION OF STEPHEN RAAB IN SUPPORT OF OPPOSITION TO PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE WHY CONTEMPT CITATION SHOULD NOT ISSUE |
| 12      v. | |
| 13  County of Marin; Marsha Grant; Diane Stoker; and | |
| 14  DOES 1 through 50, | |
| 15      Defendants. | |

17      I, STEPHEN RAAB, HEREBY DECLARE:

18  1.   I have personal knowledge of the facts set forth below and am competent to testify to each and
19  every such fact.

20  2.   I am an attorney licensed to practice in the state of California. I am a Deputy County Counsel for
21  the County of Marin, and represent Linda Daube as a third party witness in this matter.

22  3.   Attached hereto as Exhibit 1 is a true and correct copy of a letter I sent to Plaintiff's counsel on
23  June 16, 2008. Except for this letter, all other correspondence between Plaintiff's counsel and me
24  regarding this subpoena was attached to the Declaration of Scott A. Brown.

25  4.   I believe the subpoena served upon Linda Daube was part of a harassment tactic on the part of
26  Plaintiff's counsel. In addition to the subpoena served upon Ms. Daube, three other subpoena/document
27  demands were signed the Kahn Brown and Poore firm. Two of the discovery documents were in this
28  case, and the other two were in Kob v. County of Marin, Case No. USDC 07 2211 JL in the Northern

District Court of California. All the discovery signed by Plaintiff's firm on that day included extensive requests that were clearly protected from discovery by the attorney-client privilege and work product doctrine, and were beyond the permissible scope of discovery.

5. Plaintiff failed to meet and confer with opposing counsel at any time, before or after noticing the deposition requesting records of Ms. Daube, regarding the scheduling of the deposition date.

6. In my phone conversation with Scott A. Brown on June 17, 2008, in which "county counsel's response to Scott A. Brown was that Ms. Daube will not be produced 'without a motion,' the context of the statement was in response to Scott A. Brown refusing to meet and confer on the issues related to the objections raised by Ms. Daube. The only item Scott A. Brown was willing to discus was the date the documents were to be produced, and he ignored the proper objections that were raised, despite a requirement to meet and confer on those issues before a motion could be made. The statement regarding Scott A. Brown needing to make a motion was in connection to his refusal to meet and confer in good faith.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Rafael, CA on this 6th day of August, 2008.

_____
STEPHEN RAAB

DECLARATION OF STEPHEN RAAB IN SUPPORT OF OPPOSITION TO PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE WHY CONTEMPT CITATION SHOULD NOT ISSUE