1  David M. Poore, SBN 192541
   dpoore@kahnbrownlaw.com
2  Scott A. Brown, SBN 177099
   sbrown@kahnbrownlaw.com
3  KAHN BROWN & POORE LLP
   2200 Powell Street, Suite 745
4  Emeryville, California 94608
   Telephone:   (510) 923-6280
5  Facsimile:   (510) 923-6285

6  Attorneys for Plaintiff
   KARL FINLEY

7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11 | KARL FINLEY,                              | Case No. C07-05922 TEH
12 |                                           |
   |          Plaintiff,                       | PLAINTIFF KARL FINLEY'S REPLY TO
13 |                                           | OPPOSITION TO
14 | v.                                        | APPLICATION FOR ORDER TO SHOW
   |                                           | CAUSE WHY CONTEMPT CITATION
15 |                                           | SHOULD NOT ISSUE FOR LINDA
   | COUNTY OF MARIN; MARSHA GRANT;            | DAUBE'S FAILURE TO COMPLY WITH
16 | DIANE STOKER; and DOES 1 through 50,      | DEPOSITION SUBPOENA
   | inclusive,                                |
17 |                                           | [F.R.C.P. 45]
   |          Defendants.                      |
18 |                                           |
   |                                           | Date:       August 27, 2008
19 |                                           | Time:       9:30 a.m.
   |                                           | Location:   Courtroom F, 15th Floor
20

# TABLE OF CONTENTS

REPLY BRIEF ............................................................................................................................. 1

    A.   The declaration of the process server under penalty of perjury establishes the subpoena was served on April 29, 2008. ......................................................................... 1

    B.   Plaintiff's subpoena constitutes appropriate discovery and any objections are untimely and waived. .................................................................................................................. 2

    C.   Paintiff's counsel made good faith attempts at informal resolution, which county counsel avoided or stymied. ................................................................................................... 2

CONCLUSION ............................................................................................................................ 3

**REPLY BRIEF**

The law regarding responding to a subpoena is clear and unforgiving. If one fails to timely respond to a subpoena one waives all objections.

The evidence shows that plaintiff's counsel went to great lengths to meet and confer with county counsel to avoid judicial intervention. (See Doc. #25, Brown Decl., Exhs. C, E, F, and I). At one point, county counsel actually stated, that "Ms. Daube will not be produced without a motion." Although he now claims this statement was somehow taken out of context, the fact remains that even after this conversation, plaintiff's counsel again approached county counsel regarding all objections asserted. County counsel did not offer to support his objections and refused to produce Ms. Daube or the requested documents under any circumstance.

Ms. Daube and county counsel's positions are unreasonable. County counsel resorts to mudslinging and half-truths, hoping the court will overlook an obvious and fatal procedural deficiency. The court should not be convinced by this tactic. Ms. Daube and county counsel have had sufficient time to prepare for deposition and produce documents. Plaintiff has no choice but to submit this reply.

**A.   The declaration of the process server under penalty of perjury establishes the subpoena was served on April 29, 2008.**

Plaintiff served a valid deposition subpoena. This is confirmed by the proof of service signed under penalty by the process server. (Doc. # 25, Brown Decl., Exh. E). First, county counsel attempts to attack the veracity of the declaration because of Mr. Oleg Grinshpan's unique signature. Note that county counsel simply implies that the proof of service is questionable. He made no effort to depose Mr. Grinshpan regarding the steps he took to serve Ms. Daube. Then, county counsel concocted a declaration for Ms. Daube explaining that she could not possibly have received a subpoena on the day she was allegedly served because it would have conflicted with a massage she had scheduled at the same time. Ms. Daube is careful not to actually deny receiving the subpoena. The fact remains that plaintiff has produced admissible evidence--the signed proof of service--showing Ms. Daube was personally served on April 29, 2008.

-1-
PLAINTIFF'S REPLY RE: CONTEMPT
FINLEY V. COUNTY OF MARIN, ET. AL.                                             CASE NO. C07-05922 TEH

**B.    Plaintiff's subpoena constitutes appropriate discovery and any objections are untimely and waived.**

The subpoena calls for relevant material. Plaintiff makes the following offer of proof. Ms. Linda Daube will testify concerning the allegations contained in the complaint, including plaintiff's employment and damages. She will testify about the investigations undertaken on behalf of the County of Marin, statistical evidence of discrimination at the County, and findings regarding the witnesses' investigations.

Any objections, including any privileges asserted were untimely and therefore waived. *In re DG Acquisition Corp.* 151 F.3d 75, 81 (privilege against self-incrimination waived by delay). Objections were due by May 13, 2008. Ms. Daube's objections were not served until May 16, 2008. Moreover, it is the burden of Ms. Daube or county counsel to sustain their objections, which they fail to satisfy. Indeed, they still offer no basis for their objections.

Lastly, county counsel's misunderstands the applicable law regarding privilege logs. A privilege log is necessary and required pursuant to FRCP 45(d)(2).

**C.    Plaintiff's counsel made good faith attempts at informal resolution, which county counsel avoided or stymied.**

Plaintiff's counsel explained in detail to county counsel the relevant timeline, calculation of dates, and why Ms. Daube's objections are untimely. (Doc. # 25, Brown Decl., Exhs. C, E, F, and I).

The declaration of Ms. Daube lacks any substantive information or evidence. She merely states in paragraph 2 that she "was retained by the County of Marin to provide legal analysis and other services regarding a complaint by Karl Finley." However, these "services" are never defined. It is impossible to determine the scope of role with the county. This is just one reason why plaintiff is entitled to take her deposition and review documents. At a minimum, Ms. Daube has now opened the door to being deposed on at least two issues: (1) her whereabouts on April 29, 2008; and (2) evidence and scope of her retention by the County regarding Mr. Finley.

County counsel's accusations and personal attacks are unfortunate and unwarranted. Plaintiff's counsel has committed no falsehoods. County counsel seizes upon a typographical

-2-

1  error (a date), *which plaintiff's counsel called his attention to* and then substantiated with a copy
2  of the proof of service itself. (Doc. # 25, Brown Decl., Exh. E).

3      When plaintiff's counsel telephoned county counsel directly to discuss the objections
4  further, county counsel was completely unprepared and unable to speak intelligently regarding his
5  objections. When pressed about their validity, he merely referred to "the totality of
6  circumstances", which he refused to define. He also relied on a letter which he admitted he had
7  not sent. Two self-serving letters trickled in days later.

8      Nevertheless, plaintiff's counsel graciously offered to extend the time for Ms. Daube's
9  deposition and production of documents. At that time, Ms. Daube and county counsel already
10 had two months to prepare. County counsel's response was Ms. Daube would not be produced
11 "without a motion." County counsel now realizes his conduct was unreasonable and is
12 backpeddling furiously.

13     Plaintiff's counsel responded <u>again</u> on June 26, 2008 (Doc. # 25, Brown Decl., Exh. I) in
14 another effort at resolution. County counsel had claimed that Ms. Daube's status as a "solo-
15 practicing attorney" somehow precluded her from responding to the subpoena. Plaintiff's counsel
16 explained that her status is irrelevant given that she had more than two months to appear.
17 Plaintiff's counsel also reminded county counsel of his obligation to support his objections.
18 Plaintiff and his attorneys have been more than patient.

## CONCLUSION

20     Plaintiff respectfully requests that the court grant this application and execute an order
21 showing cause as to why a contempt citation should not issue for Ms. Daube's failure to comply
22 with plaintiff's deposition subpoena.

23 Dated: August 13, 2008          KAHN BROWN & POORE LLP

By: _____
Scott A. Brown
Attorneys for Plaintiff