UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL FINLEY, | No. C-07-5922 EMC |
| Plaintiff, | |
| v. | **ORDER RE JOINT LETTER OF OCTOBER 2, 2009** |
| COUNT OF MARTIN, *et al.*, | |
| Defendants. | **(Docket No. 78)** |

The parties have filed a joint letter, dated October 2, 2009, regarding several discovery disputes. Having considered the parties' letter and accompanying submissions, as well as all other evidence of record, the Court hereby rules as follows.

A. <u>Depositions of Ms. Zamorano and Ms. Grant</u>

    1. <u>Ms. Zamorano</u>

The Court finds that Plaintiff failed to properly subpoena Ms. Zamarano for deposition. Federal Rule of Civil Procedure 45(a)(1) provides that "[e]very subpoena must . . . set out the text of Rule 45(c) and (d)," which discuss protections due a person subject to a subpoena and a person's duties in responding to a subpoena. Fed. R. Civ. P. 45(a)(1). "Inclusion of the text of subdivisions (c) and (d) in every subpoena ensures that the recipient of the subpoena is fully aware of both the available options that may be exercised in contesting the subpoena as well as the recipient's obligations in responding to the subpoena." *Elam v. Ryder Auto. Operations*, 179 F.R.D. 413, 415 (W.D.N.Y. 1998).

1 Plaintiff has failed to provide sufficient evidence establishing that the subpoena served on Ms. Zamarano included this text. The documentation presented to the Court did not contain the requisite text of Rule 45(c) and (d). The supplemental declaration of Joseph G. Haynes submitted *after* the hearing is not only untimely, but fails to establish the process server did in fact include that page with the service copy. Accordingly, the subpoena is defective. *See, e.g.*, *Anderson v. Gov't of the V.I.*, 180 F.R.D. 284, 290 (D.V.I. 1998) (quashing subpoena because, *inter alia*, it did not include the text of Rule 45(c) and (c) as required by the rule).

Moreover, irrespective of whether Ms. Zamorano was properly subpoenaed, Plaintiff was required to meet and confer with Defendant about the scheduling of Ms. Zamorano's deposition because she is a witness affiliated with Defendant. *See* Civ. L.R. 30-1 ("For the convenience of witnesses, counsel and parties, before noting a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel . . . ."). It does not appear that Plaintiff did so.

Accordingly, the Court concludes that Plaintiff is not entitled to depose Ms. Zamorano. The Court also notes that there is nothing in the record to indicate that Ms. Zamorano is a critical witness to depose. Of course, nothing in this order bars Plaintiff from subpoenaing Ms. Zamorano as a witness for trial.

2. Ms. Grant

The issue here is whether Ms. Grant is a managing agent of Defendant. If so, then the deposition notice sent by Plaintiff was adequate to secure her deposition; if not, then she should have been subpoenaed.[1] Plaintiff has "the burden of providing enough evidence to show that there is at

---

[1] *See* 8A Wright & Miller Fed. Prac. & Proc. § 2103 ("A distinction must . . . be drawn between a mere corporate employee and those who may be regarded as speaking for the corporation. Except where the employee has been designated by the corporation under Rule 30(b)(6), an employee is treated in the same way as any other witness. His or her presence must be obtained by subpoena rather than by notice, sanctions cannot be imposed against the corporation if he or she fails to appear, and the deposition is not considered to be that of the corporation and is usable only under the same circumstances as that of any other nonparty witness. It is different if the deponent is an officer, director, or managing agent of a corporation or other organization that is a party to the suit. . . . [T]he corporation is responsible for producing its officers, managing agents, and directors if notice is given; a subpoena for their attendance is unnecessary, and sanctions may be imposed against the corporation if they fail to appear.").

2

least a close question whether [Ms. Grant] is a managing agent." *General Tire v. Broad Elm Auto Ctrs.*, No.:94-cv-960A, 1997 U.S. Dist. LEXIS 22814, at *6 (W.D.N.Y. Apr. 18, 1997); *see also Richard Wolf Medical Instruments Corp. v. Dory*, No. 87 C 1254, 1989 U.S. Dist. LEXIS 5239, at *11 (N.D. Ill. May 8, 1989) (concluding that defendants did not meet their burden in showing that witness was managing agent for plaintiff).

Here, Plaintiff has failed to meet that burden. She contends that Ms. Grant is a managing agent solely because of her title, *i.e.*, nurse manager. However, the fact that Ms. Grant has the word "manager" in her title is not enough to establish that she is a managing agent. *See* Moore's Fed. Prac. -- Civ. § 30.03[2] (noting that the following test is typically used to determine whether an individual is a managing agent: "[f]irst, the individual should possess general powers to exercise judgment and discretion in corporate matters"; "[s]econd, the individual should be a person who can be relied on to give testimony, at the employer's request, in response to the demand of the examining party"; and "[t]hird, the individual should be a person who can be expected to identify with the interests of the corporation"); 8A Wright & Miller Fed. Prac. & Proc. § 2103 (noting that, generally, "the courts look to see if the individual involved is invested by the corporation with general powers to exercise his discretion and judgment in dealing with corporate matters, whether he or she can be depended upon to carry out the employer's direction to give testimony at the demand of a party engaged in litigation with the employer, and whether he or she can be expected to identify with the interests of the corporation rather than with those of the other parties").

Accordingly, the Court concludes that Plaintiff is not entitled to depose Ms. Grant. The Court also notes that, even though Ms. Grant is a relevant witness in the lawsuit, as she was the person to be promoted to the position sought by Plaintiff, the key question in the case appears to turn more on the information about Ms. Grant considered by the people making the challenged hiring decision than on facts about which Ms. Grant might testify. As above, nothing in this order bars Plaintiff from subpoenaing Ms. Grant as a witness for trial.

B.  30(b)(6) Deposition of Defendant

    1.  Discrimination History and Complaints

The deposition topic as phrased is overbroad. The topic shall be narrowed both in terms of time frame and subject matter. Defendant shall produce a witness who can testify as to discrimination complaints made (1) within two years of the alleged discrimination at issue in the instant case (either before or after) and (2) which involved at least one of the persons who made the decision not to promote Plaintiff.

    2.  Investigation of Plaintiff's Internal Complaints

Defendant shall produce a witness on this deposition topic. Because Defendant has produced the investigation file to Plaintiff, the Court does not see what privilege is left to claim. The witness designated by Defendant "must testify about information known or reasonably available to [Defendant]." Fed. R. Civ. P. 30(b)(6). The witness will not be adequately prepared if all that he or she does is review the report prepared by Ms. Daube, the attorney who conducted the investigation. Defendant may, but at this point is not required, to produce Ms. Daube as its 30(b)(6) witness on this topic. If Defendant does not produce an adequate witness, the Court will entertain a request to compel Ms. Daube's deposition.

    3.  Selection of Nurse Manager in 2006

Defendant shall produce Ms. Martinez for a continued deposition. However, at least a week before the deposition takes place, Plaintiff shall provide to Defendant a list of *specific* topics on which he seeks additional information so that Ms. Martinez may be reasonably prepared for the continued deposition. The deposition shall not exceed three-and-a-half (3.5) hours.

    4.  Continued Deposition of 30(b)(6) Witness Ms. Colton

Plaintiff may continue the deposition of Ms. Colton for an additional three (3) hours.

C.  Production of Documents

Plaintiff has identified seven categories of documents, mentioned during the deposition of Ms. Martinez, which he argues should have been produced by Defendant. These documents are, for the most part, relevant to the instant case. The majority appear responsive to document requests propounded by Plaintiff more than a year ago. Others are responsive to document requests included

1  in a deposition notice.  Although, with respect to the deposition notice, Plaintiff does not seem to
2  have given Defendant sufficient time to produce documents, the Court concludes that the documents
3  should -- with one exception -- still be produced since trial is not until February 2010 and Plaintiff is
4  seeking only a limited set of documents already identified by the deponent.

5       The Court concludes that all documents itemized in Plaintiff's letter of October 7, 2009, *see*
6  Docket No. 83, should be produced, except that Defendant need not produce the entirety of the
7  personnel files of the three candidates at issue.  Rather, Defendant should produce from the
8  personnel files only those documents (1) relating to the selection process or to the employee's work
9  performance and (2) dated prior to the date that Ms. Grant was selected for the position.

10 D.    Plaintiff's Request for Sanctions

11      Plaintiff's request for sanctions is denied.  Defendant's positions on the various discovery
12 disputes discussed above were not unreasonable.

13 E.    Plaintiff's Responses to Defendant's Written Discovery

14     1.    Rogs Nos. 12-22 (Set Two)

15      Plaintiff shall supplement its responses to these interrogatories.  A narrative is required rather
16 that simply a reference to documents, particularly given Defendant's definition of "SPECIFY THE
17 EVIDENCE."

18     2.    Rogs Nos. 25-29, 32, and 34 (Set Three)

19      Plaintiff shall respond to these interrogatories.  Plaintiff's participation in coaching football
20 may have been a basis for Defendant's not promoting him, giving him a negative evaluation, or
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

otherwise disciplining him. Plaintiff may argue that this was not actually a consideration of the decisionmakers in the instant case, but, at least for purposes of discovery, the information sought is relevant.

This order disposes of Docket No. 78.

IT IS SO ORDERED.

Dated: October 13, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

6